(35 Misc. Rep. 39.)

SHAPIRO v. LANKAY et al.

(Supreme Court, Appellate Term. April 26, 1901.)

1. REPLEVIN—PROOF OF TITLE—EVIDENCE.
     Where, in an action of replevin, plaintiff's only proof of title was a
     paper which purported to "sell, assign, transfer, and set over" to plaintiff
     all the "right, title, and interest" of B. & Co., prior owners of the prop-
     erty, "in and to a certain claim" against defendants, "amounting to the

sum of $144.79," a judgment in favor of the plaintiff for a return of the property was erroneous, since, if it be assumed that the claim referred to in the paper arose on the sale or from the conversion of the property sued for, plaintiff did not derive title to the property by means of the paper, since the assertion of a claim for the value of the property repudiated any claim to the property itself.

2. SAME—JUDGMENT—WAIVER OF DEFECTS—ISSUE ERRONEOUSLY LITIGATED.

The fact that an issue of conversion was erroneously litigated in an action to recover specific property will not sustain a judgment "for the return of the property, or its value, if return could not be had," in the absence of proof of title to the property.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Dave Shapiro against Jacob Lankay and another to recover specific personal property. From a judgment of the New York municipal court in favor of plaintiff for a return of the property, or its value, if the return could not be had, defendants appeal. Reversed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

Charles C. Levenson, for appellants.

Meyer Greenberg, for respondent.

BISCHOFF, P. J. The action was to recover specific personal property, a quantity of merchandise, possession of which was delivered to the defendants by Samuel Bernstein, Charles Bernstein, and Isadore Bernstein, composing the firm of Gotham Novelty Company, the former owners, and the plaintiff's alleged assignors. The court below gave judgment for the plaintiff for the return of the property, or its value, if such return could not be had. In this view of the case, however, the recovery is exposed to successful challenge for failure of proof of the plaintiff's title to the property in suit. Concededly, the Messrs. Bernstein were the owners of the property, and the plaintiff's claim of right to its recovery was predicated wholly of an alleged transfer thereof by such owners to him. A paper was offered and received in evidence, against the defendants' objection, which purported to "sell, assign, transfer, and set over" to the plaintiff all the "right, title, and interest" of the Messrs. Bernstein "in and to a certain claim which they had against Jacob Lankay and Isaac L. Cohen, doing business under the firm name or style of J. Lankay & Co., of the city, county, and state of New York, amounting to the sum of $144.79." That the claim alluded to in this paper had reference to the property in suit was left to the veriest conjecture. If, however, we regard the claim as one arising upon a sale or from the conversion of the property in suit, then, self-evidently, the plaintiff did not derive title to the property by means of the paper, since the assertion of a claim for the value of the property is in distinct repudiation of any continued claim to the property itself. No other evidence in attempted support of the plaintiff's claim of title was adduced.

If it be urged upon the record that the defendants had tacitly consented to the litigation of an issue other than that made by the

pleadings (Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910), to wit, conversion, and that in that aspect the paper alluded to was a sufficient investiture of the right to recover, it should be observed that the judgment is not secundum allegata et probata (Day v. Town of New Lots, 107 N. Y. 148, 13 N. E. 915; Romeyn v. Sickles [N. Y. App.] 15 N. E. 698); it being consistent only with the former issue.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event. All concur.