(22 Misc. Rep. 139.)

FLANAGAN et al. v. CALLANAN.

(Supreme Court, Appellate Term. December 27, 1897.)

CONTRACT—CONSIDERATION—RECOVERY OF PAYMENTS.

The plaintiffs paid to defendant $150 for a license to dump earth upon a street which he was under contract with the city to grade within a specified period. In their action to recover back the money had and received by defendant, based upon failure of consideration, it appeared that, after plain-

tiffs had deposited 15 loads, defendant procured an eight months' extension of his time for grading, and that at the end of that period plaintiffs waived further rights under the license, and he threw the street open as a public dump, in order to procure necessary material. *Held*, that defendant's continued readiness to perform, until the abandonment by plaintiffs, was sufficient consideration for the payment, to defeat the demand for its return.

Appeal from Thirteenth district court.

Action by James Flanagan and others against Thomas Callanan. From a judgment in favor of defendant, plaintiffs appeal. Affirmed.

Argued before DALY, P. J, and McADAM and BISCHOFF, JJ.

J. Baldwin Hands, for appellants.

John F. McIntyre, for respondent.

BISCHOFF, J. The defendant had entered into a contract with the department of public works, under which he had assumed the work of grading a certain street within 60 days from the time when he should be ordered by the department to commence the labor, the right being reserved by the municipality to order suspensions of the work from time to time, as it should see fit, and the period of the suspensions to be excluded from the computation of time for defendant's performance. The plaintiffs, engaged in the general business of excavating, found it desirable that they be permitted to deposit surplus material at some place within the city, and accordingly entered into an agreement with the defendant, whereby, in consideration of the payment to him of $150, they were given the privilege of dumping earth upon the street which defendant was grading, the material to be used by him in raising the level of the street. The exact terms of this agreement, as to the time granted to the plaintiffs, were in dispute, it being claimed by the defendant that they were to be allowed only 60 days, while the plaintiffs claimed that defendant had promised to procure extensions of his own time to an indefinite extent, by causing the work to be suspended at the order of the authorities, to the end that, when the plaintiffs had occasion to dump earth, they should thus have a place for the purpose. However this may be, it appears that the defendant did procure a suspension of the work for some eight months after the plaintiffs had deposited 15 loads of earth; but the work was then peremptorily ordered to proceed by the authorities, and the defendant, after notifying plaintiffs of the necessity for haste, and obtaining no satisfactory assurance that they would further avail themselves of their privilege, opened the street as a public dump. This action was brought to recover the sum of $150, paid by plaintiffs, and the justice has found for the defendant.

Upon the facts in evidence, it was quite proper for the court to find that the defendant had not undertaken to procure an indefinite number of extensions of time, and that he had not placed himself in default through his failure to obtain a further order suspending the work. For the plaintiffs it is contended, however, that, by the terms of their agreement, as reduced to writing, they were to be allowed the full time which was available to the defendant

under his contract with the municipality, and that inasmuch as he had opened the place to the public, as a dump, before the expiration of that period, excluding the time when the work was suspended, he had wrongfully prevented their enjoyment of the privilege for which they had paid. This written agreement had apparently been mislaid at the time of the trial, and the appellant asks that it be read as evidence upon this appeal, and that a new trial be granted, as for newly-discovered evidence. With regard to the questions of the appellants' practice, there seems to be no statutory provision authorizing this court to grant a new trial upon newly-discovered evidence where the appeal is taken from the judgment; and, generally, evidence is.to be received upon appeal only for the purpose of sustaining a judgment, never for the purpose of reversing it. Day v. Town of New Lots, 107 N. Y. 148, 157, 13 N. E. 915; Munoz v. Wilson, 111 N. Y. 295, 299, 18 N. E. 855. It would seem, also, that the justice below would have been without power to grant the motion for a new trial upon this ground; since, after judgment was rendered upon litigated issues, his jurisdiction extended only to a motion made upon the grounds specified in section 999 of the Code of Civil Procedure (Laws 1896, c. 748), of which this ground is not one. It may be that this court should seek authority to relieve a party thus situated in a proper case; but such a case this is not, since it does not appear that the evidence in question would have affected the result, if offered at the trial. In fact it is clear that it would not. Turning to the opinion delivered by the justice, we find that he conceded the plaintiffs' right to dump earth upon this street after the work was finally ordered to proceed, but that he based his decision upon an abandonment of their privilege at that time, and there was evidence in the case amply sufficient to support his conclusion.

By the evidence alluded to, it was made to appear that the plaintiffs had so acted as to justify the defendant's reliance upon their intention to avail themselves no longer of their license; and thus his consequent act of giving a general license to the public for the purpose, in view of the recognized necessity that the ground be filled in, did not place him in default to the plaintiffs. His continued readiness to perform, up to the time of this abandonment, was certainly consideration for the payment by the plaintiffs, sufficient to defeat their demand for its return, in an action for money had and received, based upon the failure of consideration; and the judgment must accordingly be affirmed, with costs. All concur.