(34 Misc. Rep. 551.)

TARDER v. BEZOZI.

(Supreme Court, Appellate Term. April 19, 1901.)

1. APPEAL—FINDINGS OF FACT—CONFLICTING EVIDENCE.
    A trial court's finding of fact on conflicting evidence will not be disturbed on appeal.
2. NEW TRIAL—ERROR OF FACT—DETERMINATION ON AFFIDAVITS—NEWLY-DISCOVERED EVIDENCE.
    Code Civ. Proc. § 3057, providing that when an appeal is founded on an error of fact in the proceedings not affecting the merits of the cause, and not within the knowledge of the justice, the court may determine the matter on affidavits, refers not to errors in finding of fact, but to errors

in regard to such facts as affect the regularity and validity of the proceedings on the record, which do not appear thereon, and has no application to an appeal from a judgment of the municipal court tendering affidavits and asking an order for a new trial on the ground of newly-discovered evidence affecting the merits, and produced to show that the judgment was erroneous.

**3. SAME—CHANGE OF RESULT—NONPRODUCTION.**

Where newly-discovered evidence was not of such a character as would have altered the result of a trial, and no satisfactory reason was offered why it was not produced on the trial, the court on appeal will not grant a new trial therefor.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Morris Tarder against Bernard Bezozi. From a judgment of the New York municipal court in favor of defendant, plaintiff appeals. Affirmed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

David Steckler, for appellant.

Engel, Engel & Oppenheimer (J. B. Engel, of counsel), for respondent.

CLARKE, J. This is an action for conversion of one regulator clock. The plaintiff claimed deposit of the clock with defendant as security for a loan. Defendant claimed absolute sale. Upon the trial there was a dispute of fact upon conflicting evidence. There are no exceptions urged before us, and therefore with the court's determination based upon conflicting testimony we will not interfere. Appellant, however, with his appeal, tenders certain affidavits, and upon them asks this court to order a new trial upon the ground of newly-discovered evidence. He cites section 3057 of the Code of Civil Procedure as authority therefor:

"When an appeal is founded upon an error of fact in the proceedings not affecting the merits of the action and not within the knowledge of the justice, the court may determine the matter upon affidavits or in its discretion upon the examination of witnesses or in both methods."

Said section does not apply, because there was no error of fact in the proceedings not affecting the merits of the action, and not within the knowledge of the justice. The term "error of fact," as here used, does not refer to any error or mistake of the justice in finding the facts. When applied to proceedings in error, it means such facts as affect the regularity and validity of the proceedings on the record, and still do not appear on it; such as the death, coverture, or infancy of one of the parties. Adsit v. Wilson, 7 How. Prac. 64. Further, the affidavits presented do directly affect the merits. They are offered for the very purpose of establishing the proposition that the judgment was erroneous on the merits by tendering proof in support of the plaintiff and against the defendant. Irrespective of said section, said affidavits are presented to this court to obtain an order for a new trial upon the ground that the municipal court is limited in its jurisdiction to the consideration of motions for a new trial upon the grounds set forth in section 999 of the Code, and this motion is not one therein set forth, and therefore to obtain justice appellant is

compelled to come here.    Mr. Justice Bischoff, speaking for this court in Flanagan v. Callanan, 22 Misc. Rep. 139, 48 N. Y. Supp. 708, said:

"With regard to the questions of the appellant's practice there seems to be no statutory provision authorizing this court to grant a new trial upon newly-discovered evidence when the appeal is taken from the judgment, and generally evidence is to be received upon appeal only for the purpose of sustaining a judgment, never for the purpose of reversing it.  It would seem, also, that the justice below would have been without power to grant the motion for a new trial upon this ground, since, after judgment was rendered upon litigated issues, his jurisdiction extended only to a motion upon the grounds specified in section 999 of the Code."

It is true the opinion proceeded, "It may be that this court should seek authority to relieve a party thus situated in a proper case," and we do not now pass upon that proposition, for we are of opinion that the case at bar is not one in which we should seek that authority. The evidence tendered is at most cumulative, and no satisfactory reason is offered why it was not produced upon the trial, and, if tendered, it is not of such a character that we can see that it would have altered the result.

Judgment affirmed, with costs, and motion denied, with $10 costs. All concur.