(28 Misc. Rep. 445.)

### MUELLER et al. v. SCHMENGER.

(City Court of New York, General Term. May 29, 1899.)

JUDGMENTS—CONFORMITY TO PLEADING AND EVIDENCE.

  Plaintiff sued a landlord on a contract with his tenant for work on the rented premises, alleging that, after part of the work was performed, the tenant refused to pay, and plaintiff discontinued the work; that the landlord agreed, if he would finish it, to pay him. He recovered judgment for the balance of the contract price, and also for certain items of special work not included in the contract. *Held*, that the judgment was erroneous, as there was no allegation on which to base it, as to the special items, and there was no proof either as to the value of the work done under the contract for the landlord, or that performed for the tenant, and the landlord was not liable for what was done for the tenant.

Appeal from special term.

Action by Frank Mueller and another, doing business under the firm name of Mueller & Co., against John P. Schmenger. From a judgment for plaintiffs, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

Hardy & Shellabarger, for appellant.
Joseph I. Green, for respondents.

SCHUCHMAN, J. The complaint alleges but one cause of action, as follows:

"That on or about May 6, 1895, the plaintiffs entered into an agreement with one Fingerhut for the performance of certain paint work in and about the store and premises known as 'No. 194 Third Avenue, New York City,' which premises were owned as a leasehold by the defendant, and by him sublet for a term of years to said Fingerhut; that, after part of the work had been done, said Fingerhut failed to pay therefor, and the plaintiffs refused to continue the work; that on or about June 13, 1895, the defendant agreed with the plaintiffs that, if plaintiffs would proceed and finish the said paint work, that he would pay the same; that plaintiffs, relying on that promise, proceeded with the said work for the defendant; and that there is now due plaintiffs the sum of $639.86, for which judgment is asked."

The answer is a general denial.

The proofs on the trial show that plaintiffs' original contract for the paint work with Fingerhut was for the agreed amount of $925; that plaintiffs on this amount credited payments made by Fingerhut of $428, leaving a balance of $497. And then plaintiffs proved that, by special contracts made directly with the defendant, defendant owes them the sum of $75 for extra work done on the bar and transom, $20 for coloring and flooring, and $45 for painting the front of the house, which three items amount to $143, which, added to the balance

due on above contract price, to wit, $497, make $640, for which, together with interest, the plaintiffs recovered. Thus, it appears that plaintiffs were allowed to recover in this action on those three separate items, which constituted separate causes of action, without the shadow of a ghost of an allegation in the complaint. It is true, the defendant denied having given the orders for those three separate items, and apparently claimed no surprise; but plaintiffs never moved for an amendment of their pleading, and none was made, nor was there a motion made to conform the pleading to the proof. So that we have herein a recovery by the plaintiffs of $143 for three different and distinct causes of action, without any allegation thereof in the plaintiffs' pleading. I know of no rule of pleading or practice whereby a suit can be brought on allegations of a certain contract, and a recovery had on that contract, and three others besides, not mentioned at all. Day v. Town of New Lots, 107 N. Y. 148, 13 N. E. 915; Romeyn v. Sickles, 108 N. Y. 650, 15 N. E. 698. The plaintiffs presented their case on the theory, as alleged in their complaint, that the contract price made with Fingerhut was $925, that part of the work stipulated for in that contract was performed for Fingerhut, that the balance was performed under an agreement with the defendant herein, and that, therefore, the defendant was liable for the whole contract price, less the payments made by Fingerhut. This does not seem to be correct. The defendant would only be liable for the value of the paint work done for him by his express order and contract. He would not be liable for that part of the work that was done under the contract with and for Fingerhut. There is no proof whatsoever in the case or in the evidence what the value was of the work that was done under the order and contract with the defendant, nor is there any proof what the value of the work was that had been done under the contract with and for Fingerhut. For the reasons given, we think that justice requires a reversal of the judgment and a new trial, on which the parties litigant hereto can present their claims and defenses in a more proper and better defined manner.

Judgment and order appealed from reversed, and a new trial ordered, with costs and disbursements to the appellant to abide the event. All concur.