## HARRIS v. WARREN-SMITH HARDWARE CO.

No. 3554.   Opinion Filed December 22, 1914.

(144 Pac. 1050.)

1.  **CONTRACTS—Installment of Plumbing System—Action for Compensation—Pleading—Exclusion of Evidence.**  In an action for balance due on a contract for putting in a plumbing system and for extras furnished in putting in such a system, where the defendant answers by general denial and also specifically denies liability for the extras sued for, it is error to refuse defendant the privilege of introducing testimony under his answer.

2.  **SET-OFF AND COUNTERCLAIM—Subject-Matter—Distinct Contract.**  Where a plaintiff sues on a contract for putting in a plumbing system, and defendant in part of his answer seeks to set up a counterclaim arising out of a separate and distinct contract, one having no connection with and wholly independent of the contract sued upon by plaintiff, such demands by defendant are not proper counterclaim against plaintiff's action.

    And though such counterclaim or claims set forth facts sufficient to entitle defendant to the relief therein sought, they do not constitute a proper cross-action against plaintiff's demands, but the issues therein presented should be determined in a separate trial.

3.  **PLEADING—Separate Causes of Action—Statement.**  Where a party has two or more distinct and separate reasons for the obtainment of the relief he asks, and where there is some uncertainty as to the grounds of recovery, the complaint may set forth a single claim or ask for the same relief in several distinct counts or statements.

(Syllabus by Harrison, C.)

*Error from Superior Court, Pottawatomie County;*
*George C. Abernathy, Judge.*

Action by the Warren-Smith Hardware Company against Sam Harris for balance due on a contract to put in a plumbing system in defendant's hotel at Ada, Okla.   Judgment for plaintiff, and defendant brings error.   Reversed and remanded.

*J. H. Woods* and *S. P. Freeling,* for plaintiff in error.

*Lydick & Eggerman* and *Kittie C. Sturdevant,* for defendant in error.

Opinion by HARRISON, C.   The Warren-Smith Hardware Company sued Sam Harris for an alleged balance of $800 due on a contract to put in a plumbing system in defendant's hotel in the city of Ada, and for extras alleged to have been furnished aggregating $235.73, together with interest from May 15, 1911, at 6 per cent., amounting in all to $1,103.73, for which plaintiff prayed judgment.

Defendant answered by general denial and, further, by specifically denying liability for any extras, except some amounting to $67, and alleged that the remaining extras alleged by plaintiff to have been furnished were to be, and in fact were, furnished under the terms of the contract.   Defendant also filed a claim against plaintiff for the sum of $3,000, which he denominated his cause of action and counterclaim against the plaintiff.   This cause of action consisted of two counts for damages for breach by plaintiff of a separate contract to put in a heating system, consisting of the necessary pipes and radiators, for heating defendant's hotel.   In the first count it is alleged that such heating system was not put in according to the rules and specifications set forth in the guaranty, but was so negligently and defectively put in as to render it useless, to defendant's damage in the sum of the contract price, $3,000; and in the second count, it was probably intended to be alleged, though indefinitely stated, that the plant itself was so defective that, though properly installed, it would not heat the rooms of the hotel as guaranteed in the contract and was, therefore, useless, and that by reason of such defective heating system the defendant had been damaged in the sum of $3,000, the contract price for the heating system.   Wherefore, defendant asked judgment for the sum of $3,000.

When the cause came on for trial, the plaintiff introduced testimony in support of the allegations in the petition and rested.

Whereupon defendant sought to introduce testimony in support of his defenses and counterclaims. The plaintiff objected to the introduction of any testimony in support of defendant's counterclaim until defendant be required to elect whether he would rely for recovery upon the theory that the heating system had been defectively and negligently installed, or whether he would rely upon the theory that it had been properly installed, but was inherently defective and would not heat the rooms.

The defendant first chose to elect and rely upon the defective heating system and was given time to amend that count of his answer so as to permit the introduction of testimony upon that theory. But upon coming into court, at the expiration of the time given for amendment, he withdrew the announcement that he would elect and announced that he had concluded to stand upon all the defenses and counterclaims alleged in his answer in its entirety. He then offered testimony in support of the allegations in his answer, but, upon objection of plaintiff, the court denied him the right to introduce any testimony until he had elected as to which count of his counterclaim he would rely upon for recovery, and, upon his refusal to so elect, plaintiff asked for peremptory instruction for the amount sued upon under the plumbing contract. The motion for peremptory instruction was sustained, the instruction given, and a verdict returned in favor of plaintiff in the sum of $1,103.73, together with interest and costs, and from the judgment thereupon. rendered defendant appeals.

But one general proposition is presented, namely, that the court erred in refusing to allow any testimony until defendant elected upon which count he would rely. A proper determination of this proposition, however, necessitates a determination of other questions of pleading and practice which naturally arise. It is noted that defendant's answer consisted first of a general denial. This was sufficient to admit of testimony upon all the issues presented in the plaintiff's petition. Furthermore,

it is noted that in paragraph three of defendant's answer he affirmatively alleged that the extras for which plaintiff had sued, with the exceptions of extras to the amount of $67, were all due to have been put in under the terms of the contract. This allegation constituted a partial defense to plaintiff's cause of action and, under such, the defendant was clearly entitled to introduce testimony in support thereof. But the court refused to permit defendant to introduce any evidence until he first elected as to which count of his counterclaim he would rely upon. It does not appear clear from the record whether or not defendant asked and was denied permission to introduce evidence in support of his other defenses until he first elected as to which count in his counterclaim he would rely upon, but this statement from defendant's counsel does appear in the record:

"Counsel for the defendant here state, that, in the proceedings just had, they only desire to present in the record squarely the issue whether or not the defendant had the right to present the different defenses that he has set up in his answer and does not desire to raise any other question."

Whereupon the court, referring to plaintiff's objection to the introduction of any evidence, stated: "The objection will be sustained." Whatever may have been the court's object in this ruling, that is, whether or not it pertained merely to the introduction of testimony as to either of the counts in the counterclaim, it certainly had the effect of denying defendant the right to introduce any testimony in support of the foregoing defenses, which he clearly had the right, under his general denial and under the specific defenses set out, to introduce testimony in support thereof, and it was error to deny him this right.

As to whether there was error in compelling defendant to elect as to which count he would rely upon, that depends upon how such counterclaim should be treated in this suit. That is, what office they perform in this case; whether they be a defense to plaintiff's action or a proper counterclaim against same, or an

independent cross-action against plaintiff. The plaintiff hardware company sued for balance due under a contract to put in a *plumbing* system and for some extras alleged to have been furnished. The counterclaim of defendant was for breach of a contract to put in a *heating* system, a contract wholly independent of and having no connection with the contract sued upon by the plaintiff. Hence, under our statute, section 4745, Rev. Laws 1910, and section 4746, as construed in *First National Bank v. Thompson,* 41 Okla. 88, 137 Pac. 668, 669, it constituted neither a defense to plaintiff's action nor a proper counterclaim against same.

Section 4745, Rev. Laws 1910, provides:

"The defendant may set forth, in his answer, as many grounds of defense, counterclaim, set-off, and for relief, as he may have, whether they be such as have been heretofore denominated legal, or equitable, or both. Each must be separately stated and numbered, and they must refer, in an intelligent manner, to the causes of action which they are intended to answer."

It must be observed from the foregoing section that, whether the relief sought in the answer be a defense, counterclaim, or set-off, each of such grounds of relief must refer to the causes of action they are intended to answer.

Section 4746 provides:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action or on account of a wrongful attachment or garnishment issued and levied in said action after the same has been set aside. The right to relief concerning the subject of the action mentioned in the same section must be a right to relief necessarily or properly involved in the action for a complete determination thereof, or settlement of the questions involved therein."

It is clear from this action that the counterclaim contemplated by statute must be one arising out of, or in some way con-

nected with, the transactions set forth in plaintiff's petition, and must be a relief so involved that a determination thereof is necessary to a complete determination or settlement of the questions involved in plaintiff's action. Hence, under the statutes, *supra,* and the case of *First National Bank v. Thompson, supra,* the relief sought in the two counts of defendant's answer does not constitute a proper counterclaim against plaintiff's action.

The next question is, whether it be such an independent cross-action as might be properly determined in the trial of plaintiff's cause of action. In the case of *First National Bank v. Thompson, supra,* this identical question was involved, in which case suit was brought for the wrongful conversion of a span of mules, and defendant therein sought to recover on a promissory note alleged to have been given to defendant by plaintiff, the execution of which was denied by plaintiff. The text of the law in such case is stated in the third section of the syllabus as follows:

"Neither can such note be set up, in such suit, as a basis for affirmative relief, when it is not concerning the subject of plaintiff's action, is in no way related to or connected therewith, and where it is not necessarily or properly involved in the action for a complete determination thereof, or settlement of the questions therein involved."

In the body of the opinion the court, referring to such note, said:

"It cannot avail as a right to relief, because it is not concerning the subject of plaintiff's action, nor is the right to relief necessarily or properly involved in the action for a complete determination or settlement of the questions involved. The defense pleaded has not, in the remotest degree, any connection or relation to the cause of action, or subject of the action, or transaction, upon which plaintiff's action is founded."

The relief sought in defendant's counterclaim is as distinctly disconnected and independent of the questions involved in plaintiff's action as was the note sought to be pleaded as a

defense in the First National Bank case, *supra,* and a determination of the issues presented in such counterclaim could have no bearing or effect whatever in a proper determination of the issues presented in plaintiff's petition. The plaintiff may or may not have been entitled to recover the amount sued on under the plumbing contract. The defendant may or may not have been entitled to the relief sought in his counterclaim. Testimony for or against the issues presented in plaintiff's action is wholly irrelevant to the issues presented in defendant's counterclaim, and *vice versa.* Hence, in order to avoid the confusion of the issues, and the testimony for and against independent issues, it has become a settled rule of practice, and we think a sound one, that such issues can be more satisfactorily settled, and finally determined with less confusion, by requiring a separate trial. However, as an abstract question of law, in order to settle the question as to whether the court erred in requiring defendant to elect as to which count he would rely upon, inasmuch as such question might again arise in another trial, and separate of the issues presented in the cross-action, it is our opinion that the court erred in ordering defendant to elect.

The judgment should, therefore, be reversed, and the cause remanded for separate trials of the issues presented in the petition and cross-action.

By the Court: It is so ordered.