## PHILLIPS v. HARGADINE-McKITTRICK DRY GOODS CO.

No. 7333.—Opinion Filed July 11, 1916

(159 Pac. 320.)

### 1. Bills and Notes—Validity—Duress.

It is not duress under the second paragraph of section 900 of the Revised Laws of Oklahoma 1910, where the defendant signs notes in settlement of an account which is not due and upon which a former suit was filed and at the same time an affidavit alleging statutory grounds of attachment was filed, but no order of attachment was issued and none of the defendant's goods were detained either lawfully or unlawfully by the plaintiff.

### 2. Set-Off and Counterclaim—Subject-Matter—Unliquidated Damages.

The defendant cannot plead unliquidated damages as a counterclaim in an action against him on promissory notes, which damages arose out of the wrongful suing out of an attachment in a former suit in settlement of which the promissory notes involved here were executed and delivered to the plaintiff in this action, even though the grounds of attachment affidavit were false, and even though the order of attachment was issued wrongfully and he was damaged thereby.

(Syllabus by Brunson, C.)

Error from the District Court, Atoka County; J. H. Linebaugh, Judge.

Action by the Hargadine-McKittrick Dry Goods Company against A. D. Phillips. Judgment for plaintiff, and defendant brings error. Affirmed.

Humphreys & Cook, for plaintiff in error.

Robert M. Rainey and Utterback & Mac-Donald, for defendant in error.

Opinion by BRUNSON, C. For convenience the parties to this suit will be designated here as they were in the trial court.

On the 3rd day of December, A. D. 1914, the plaintiff filed its action against the defendant, alleging its cause of action on four promissory notes dated May 18. A. D. 1914; the first one becoming due on the 1st day

of October, A. D. 1914, and the last one on the 1st day of November, A. D. 1914, and at. the time of the filing of this suit all of said notes were due and unpaid. Thereafter on the 23rd day of December, A. D. 1914, the defendant filed his answer to said petition, alleging: (1) That he signed and delivered the notes in controversy under threats and duress; that the plaintiff threatened to close the defendant out of business 'and on the 20th day of May, A. D. 1914, brought suit on an open account which was not due, and for the purpose of avoiding as far as possible loss of business and loss of financial standing because of the wrongful attachment which the plaintiff was threatening the defendant signed the notes in controversy; (2) a plea which the defendant designates as "Second Defense and Counterclaim," under which he alleges that on the day aforesaid and more than six months prior to the institution of the case at bar the plaintiff had commenced an action in the district court of Atoka county on an open account, which was not due and caused an attachment to issue as provided by statute, alleging that said attachment was maliciously, willfully, and without probable cause issued and procured and that by reason thereof the defendant was damaged in the sum of $24.100, for which the defendant prayed judgment. To this answer the plaintiff on the 7th day of January, A. D. 1915, filed its demurrer, which presented two propositions: (1) That the allegations in paragraph 1 of the defendant's answer did not state facts sufficient to constitute a valid defense to the notes sued upon; and (2) that the allegations set forth in defendant's answer under the heading of "Second Defense and Counterclaim" were not proper matters of counterclaim, or set-off under the statute. Thereafter and on the 5th day of February, A. D. 1915, the court sustained said demurrer, to which action of the court the defendant duly excepted and refused to plead further. Whereupon judgment was entered by the court in favor of the plaintiff and against the defendant, and to reverse said judgment this case is here on appeal.

The defendant in the first paragraph of his answer says that he admits that he executed the notes in controversy, but says that he did so under threats and duress; that the plaintiff herein threatened to close this defendant out of business and brought suit upon an open account which was not due, and for the purpose of avoiding, as far as possible, loss of business and financial standing because of the wrongful attachment which plaintiff was threatening, this defendant signed the notes in controversy. Are these facts, if true, sufficient to constitute duress? Duress is defined by Revised Laws of Oklahoma, 1910, as follows:

Sec. 900.  Duress Defined.  Duress consists in:

"First: Unlawful confinement of the person of the party, or of husband or wife of such party, or of an ancestor, descendant, or adopted child of such party, husband or wife.

"Second: Unlawful detention of the property of any such person; or,

"Third: Confinement of such person, lawful in form, but fraudulently obtained, or fraudulently made unjustly, harrassing or oppressive."

There are no allegations that any person was confined either lawfully or unlawfully, and hence the defendant does not bring himself within the first and third paragraphs of this statute. It is left for us to determine whether or not he has alleged facts sufficient to bring him within the second paragraph of this statute. To constitute duress under this paragraph there must be a detention of property, and that detention must be an unlawful detention. Can a threat to close defendant out of business and the bringing of a suit upon an open account, which was not due, and threatening to have an attachment issued, amount to an unlawful detention of defendant's property, and do such acts constitute duress?

In Cyc. vol. 14, p. 1124, it is said:

"Duress of Goods. An act which consists in seizing by force, or withholding from the party entitled to it, the possession of personal property, and extorting something as the condition for its release, or in demanding and taking personal property under color of legal authority, which, in fact, is either void, or for some other reason does not justify the demand."

We think that this is a broad and liberal statement of the rule. Hackley v. Headley, 45 Mich. 569, 8 N. W. 511; Cobb v. Charter, 32 Conn. 358, 87 Am. Dec. 178. The rule is announced in these two cases thus:

"Duress of goods may exist when one is compelled to submit to an illegal exaction in order to obtain them from one who has them, but refuses to surrender them unless exaction is endured."

In the case of Wilcox v. Howland, 23 Pick. (Mass.) 167, the rule is announced:

"A threat by a judgment creditor to levy his execution on the property of the debtor will not render a promissory note given thereupon by the debtor void, as being made under duress, such note being in other respects valid."

In the case of Bolln v. Metcalf, 6 Wyo. 1, 42 Pac. 12, 44 Pac. 694, 71 Am. St. Rep, 898, it is said:

"It is claimed that this suit in attachment, if commenced at all, was not in proper form,

and that the notes were given without consideration, and under duress; but it is immaterial whether the action was in proper form, or whether it was commenced at all or not. The parties had a right to prosecute an action by attachment against Rastaetter to obtain indemnity as his sureties, and the alleged mistake in the form of action is immaterial. The settlement of an action either begun or threatened, unless it be founded on a fraudulent or fictitious claim, is a valid consideration for promises by a third party to pay the claim and the service or threatened service of an attachment in such action is not duress of goods. So the defense of no consideration and of duress fails."

There is no allegation that the plaintiff in this case demanded the giving of the notes in controversy; none that the notes were founded on an illegal, fictitious, fraudulent, or void consideration; none that the defendand did not in fact owe the debt upon which he was sued or that he had to execute the notes in order to secure the release of his property which was unlawfully detained or held by the plaintiff; and none that the plaintiff held any property belonging to him, either lawfully or unlawfully, or that the plaintiff refused to deliver the same until the notes were so executed. There is no allegation that an order of attachment was in fact issued or served. The defendant was free to appear in court and defend against said suit, but he did not do that; he preferred to settle it by giving the notes sued on, and he did so execute said notes. It is not an unlawful detention of the property of the defendant for the plaintiff to threaten to put him out of business or to sue on an open account which was not due or to threaten to have an attachment issued, but where none was in fact issued, and such allegations, if true, are not sufficient to constitute duress under the second paragraph of section 900, supra.

Was what the defendant designates as "Second Defense and Counterclaim" good as against the plaintiff's demurrer?

The defendant in his brief contends that his right to damages is supported by section 4746 of the Revised Laws of Oklahoma 1910, which reads as follows:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action or on account of a wrongful attachment or garnishment issued and levied in said action after the same has been set aside. The right to relief concerning the subject of the action mentioned in the same section must be a right to relief necessarily or properly involved in the action for a complete determination thereof, or settlement of the question involved therein: Provided, that either party can plead and prove a set-off or counterclaim of the proper nature, in defense of the liability sought to be enforced by the other party, and it shall not be necessary that such set-off shall exist as between all parties plaintiff and defendant in such suit, but any party may enforce his set-off or counterclaim against the liability sought to be enforced against him. Such set-off or counterclaim shall not be barred by the statutes of limitations until the claim of the plaintiff is so barred."

It is true under section 4746, supra, the defendant may in his answer set out and plead any new matter constituting a defense or counterclaim, but the counterclaim must be one existing in favor of the defendant and against the plaintiff and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action or on account of the wrongful attachment or garnishment issued and levied in said action after the same has been set aside.

It is not contended that an attachment was issued or levied in the instant suit, but that the attachment complained of was issued in a former suit between the parties to this action.

The third paragraph in the case of Clark v. Kelley, 163 Cal. 207, 124 Pac. 846, reads:

"Under Code Civ. Proc. sec. 442, providing that whenever a defendant seeks affirmative relief against any party to the action relating to or depending upon the contract or transaction on which it is brought, the term 'transaction' means some commercial or business negotiation, and not a wrong of violence or fraud, and so, in an action on notes, defendant cannot set up a cross-action for damages because of the improper issuance and levy of an attachment in a former action on such notes."

This court has discussed set-off and counterclaim in the following cases: First National Bank v. Thompson, 41 Okla. 88, 137 Pac. 668; Harris v. Warren-Smith Hardware Co., 44 Okla. 477, 144 Pac. 1050.

In the case of First National Bank v. Thompson, supra, Commissioner Brewer discussed the two clauses, "arising out of the contract or transaction," and "must be a right to relief necessarily or properly involved in the action for a complete determination thereof, or settlement of the questions involved therein"; the language quoted being taken from section 4746, supra. The court used this language:

"It cannot avail as a right to relief, because it is not concerning the subject of plaintiff's action, nor is the right to relief necessarily or properly involved in the action for a complete

determination or settlement of the questions involved. The defense pleaded has not, in the remotest degree, any connection or relation to the cause of action, or subject of the action, or transaction, upon which plaintiff's action is founded."

In the case of Harris v. Warren-Smith Hardware Co., supra, Commissioner Harrison, in speaking of the doctrine as announced in the case of First National Bank v. Thompson, supra, and in construing the section of the statute here involved, says:

"It is clear from this action that the counterclaim contemplated by statute must be one arising out of, or in some way connected with, the transaction set forth in plaintiff's petition, and must be a relief so involved that a determination thereof is necessary to a complete determination or settlement of the questions involved in plaintiff's action. Hence, under the statutes, supra, and the case of First National Bank v. Thompson, supra, the relief sought in the two counts of plaintiff's answer does not constitute a proper counterclaim against plaintiff's action."

Further on in the same opinion appears this statement:

"The relief sought in defendant's counterclaim is as distinctly disconnected and independent of the questions involved in plaintiff's action as was the note sought to be pleaded as a defense in the First National Bank Case, supra, and a determination of the issues presented in such counterclaim could have no bearing or effect whatever in a proper determination of the issues presented in plaintiff's petition. The plaintiff may or may not have been entitled to recover the amount sued on under the plumbing contract. The defendant may or may not have been entitled to the relief sought in his counterclaim. Testimony for or against the issues presented in plaintiff's action is wholly irrelevant to the issues presented in defendant's counterclaim, and vice versa. Hence, in order to avoid the confusion of the issues, and the testimony for and against independent issues, it has become a settled rule of practice, and we think a sound one, that such issues can be more satisfactorily settled, and finally determined with less confusion, by requiring a separate trial."

The defendant denominates his plea a counterclaim, but the court must test a pleading by its averments, and a mere name applied to it will not alone determine its character. Brown v. Massey, 19 Okla. 487. 92 Pac. 246; Kimball v. Connor, 3 Kan. 414. This part of the answer cannot, technically speaking, be classed as a counterclaim, since it does not arise out of the transaction pleaded in the plaintiff's petition, and in the instant suit.

It is probable that this answer could have been good in the former suit, but we are of opinion that the trial court did not err in sustaining the demurrer to the defendant's answer.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.