## UNION NATIONAL BANK OF OKMULGEE v. JONES.

No. 19916.  Opinion Filed Oct. 20, 1931.

C. B. McCrory, for plaintiff in error.

Charles A. Dickson, for defendant in error.

CULLISON, J.  Plaintiff instituted suit against defendant on a note for $9,500. Defendant answered, admitting the execution and delivery of the note and that the same was due and unpaid, and by further answer pleaded a counterclaim, alleging that defendant purchased a loan business in Okmulgee for $12,500, but that later defendant sold the said loan business to W. O. Bassett for the same amount defendant had paid and that Bassett paid $2,500 on the purchase price and gave defendant a note for $10,000 covering the balance. That later Bassett sold a one-half interest in the loan business to Garner for $6,250, and that Bassett was to apply the proceeds of the sale to Garner on the $10,000 note he owed defendant.  Defendant further pleaded that Bassett agreed to deliver the $6,250 note received from Garner to the defendant, but that defendant and Bassett agreed that Bassett take the note to the bank with which he did business, discount the same, and deposit it to be paid to the defendant.

That thereafter Bassett took the note to plaintiff bank and sold the same to the bank and deposited the receipts therefor in his own name. Defendant further claimed that plaintiff bank knew this deposit was for defendant, but that the bank wrongfully caused said money to be applied by Bassett upon notes owed by Bassett to the plaintiff bank.  Defendant asked for judgment in the amount of $6,250 with interest for money converted and for exemplary damages in the amount of $10,000.

At the trial the defendant dismissed the second count of his counterclaim, and the same will not be considered herein.  Plaintiff filed a motion to strike the counterclaim and demurred to the same, each of which was overruled.  Thereafter plaintiff replied to the answer and answered defendant's counterclaim, admitting that part of defendant's answer which admitted the note under suit and denied generally and specifically other matters pleaded in defendant's counterclaim of which defendant claimed the plaintiff bank had knowledge.

The issues as outlined were tried to a jury and resulted in a verdict in favor of plaintiff for the amount of the note sued upon and against defendant on his counterclaim.  Defendant filed a motion for a new trial, which motion was presented to the

court and sustained, the verdict of the jury set aside, and a new trial ordered, but no reason for the granting a new trial was given.

Plaintiff appeals from the order granting a new trial and urges as error that the trial court erred in granting defendant a new trial. This court will not set aside an order of the trial court granting a new trial unless it be a very plain case dealing with questions of law.

In the case of Columbia Weighing Machine Co. v. Bondurant, 137 Okla. 27, 277 P. 665, Justice Clark lays down the rule applicable thereto:

"Order granting a new trial will not be reversed unless the record shows ruling would not have been made except for manifest and material error in respect to some pure, simple, and unmixed question of law."

In the case at bar plaintiff's suit was on a note which was admitted by defendant. The sole and only contested question at the trial was the counterclaim of defendant.

Section 274, C. O. S. 1921, provides as follows:

"Counterclaim. The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff. between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action or on account of a wrongful attachment or garnishment issued and levied in said action after the same has been set aside. The right to relief concerning the subject of the action mentioned in the same section must be a right to relief necessarily or properly involved in the action for a complete determination thereof, or settlement of the question involved therein. * * *"

It will be observed that section 274, supra, on counterclaim provides that the same must arise out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action or on account of the wrongful attachment or garnishment issued and levied in said action after the same has been set aside.

There was no attachment or garnishment in the case at bar, so we need not consider said grounds. Section 274, C. O. S. 1921, reads in part: " * * * arising out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim or connected with the subject of the action," which we construe to mean that the counterclaim must arise out of the contract or transaction that is the basis of plaintiff's suit, or connected with the subject of the action.

In the case at bar defendant's note is the foundation of plaintiff's cause of action. The defendant contends that the $6,250 deposited by Bassett was a special deposit of funds in plaintiff bank by Bassett for defendant and that the same was wrongfully converted by plaintiff. The counterclaim is in no way connected with the contract sued upon nor connected with the subject of the action. The foundation of plaintiff's cause of action is a note, signed by defendant, and in no way does defendant bring his counterclaim within the requirements of the statute and show by his pleadings that the same arises out of the note sued upon by plaintiff.

The phrase, "or connected with the subject of the action," is defined in Words and Phrases, vol. 1 (2nd Series) page 893, as follows:

"The phrase, 'connected with the subject of the action,' as used in Code Civ. Proc. N. Y. section 501, providing that a counterclaim must arise out of a transaction on which the complaint is based or be connected with the subject of the action, means connected with the facts constituting the cause of action. Van v. Madden, 116 N. Y. Supp. 1115, 1117, 132 App. Div. 535."

The New York court construed the phrase, "connected with the subject of the action," as meaning connected with the facts constituting the cause of action. The facts constituting plaintiff's cause of action are embodied in the note sued upon, and defendant's counterclaim is based upon a purported conversation or agreement defendant claims to have had with one Bassett, who in no wise is a party to this action, whereby Bassett was to make a deposit of funds in plaintiff bank in Bassett's name for defendant.

The evidence discloses that Bassett sold one-half interest in the loan business to Garner and that Garner paid for the same by giving his note for $6,250, the amount of the purchase price. The note was not made to Bassett, as pleaded by defendant, but was made direct to the plaintiff bank by Garner. The note was dated and received by the bank on June 17, 1925, and on the same date Bassett was credited with a deposit of $6,250.

The evidence shows that there was no special deposit of the money in question requiring that said money be held for defendant Jones, but, on the contrary, that Bassett deposited the money as his own, in

plaintiff bank, and that he immediately drew checks thereon, checking out the same to plaintiff in the payment of indebtedness Bassett owed the plaintiff.

The defendant failed to establish that there was any agreement or understanding with the plaintiff that this deposit should be held as a special deposit for the use and benefit of defendant, and having failed to establish his counterclaim by competent evidence, a motion for a directed verdict, as made by plaintiff at the conclusion of the testimony, should have been sustained.

The motion for a new trial makes no mention of any newly discovered evidence that could be produced at a new trial to in any way change the result of the case on a second trial.

After fully considering the entire cause, we hold that the trial court erred in granting the motion for a new trial, and reverse said cause and remand it to the lower court, with directions to enter judgment for the plaintiff for the amount of the note sued upon in accordance with the verdict of the jury.

RILEY, SWINDALL, and ANDREWS, JJ., concur. LESTER, C. J., and McNEILL, J., concur in the conclusion. HEFNER, J., absent. CLARK, V. C. J., and KORNEGAY, J., dissent.