**HOGUE et al. v. STEPHENS et al.**

No. 21261. Opinion Filed Sept. 6, 1932.

V. E. Stinchcomb, for plaintiffs in error.
J. S. Estes, for defendants in error.

HEFNER, J. This is an action brought in the district court of Oklahoma county by Laura J. and S. M. Hogue against E. F. Stephens and others to recover damages.

Plaintiffs allege that they are the owners of a certain tract of land in McClain county, one-half acre of which they leased to defendant Stephens for the purpose of operating a filling station, and that they entered into a contract with him to furnish the water supply necessary to maintain such station; that they had constructed for him an underground water pipe line from a water tank owned and operated by plaintiffs, and through which the water was conveyed to the filling station; that defendants entered upon plaintiffs' adjoining premises and maliciously cut and disconnected the pipe line for the purpose of framing a lawsuit against plaintiffs to recover damages for failure to furnish the water agreed to be furnished under the lease contract.

Defendants answered by way of a general denial, and for further defense filed a counterclaim against plaintiffs in which they claimed damages against them for failure to furnish a proper supply of water. They also pleaded that plaintiffs agreed to keep the machinery on the premises in repair and had failed so to do, and that they suffered damages thereby; and prayed that they recover such damages against plaintiffs.

Plaintiffs demurred to defendants' counterclaim against them on the ground that the damages sought to be recovered could not properly be pleaded in a counterclaim against them in this action. The demurrer was by the court overruled. The cause was tried to a jury and resulted in a verdict and judgment in favor of defendants in the sum of $200 on their counterclaim.

Plaintiffs contend that the court erred in overruling their demurrer to the counterclaim. Section 274, C. O. S. 1921 [O. S. 1931, sec. 207] in part provides:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action or on account of a wrongful attachment or garnishment issued and levied in said action after the same has been set aside."

In the instant case, the damages claimed by defendants arise out of the breach of the lease contract. Plaintiffs' claim is

founded on tort. Defendants' claim does not arise out of the contract or transaction set forth in the petition as the foundation of plaintiffs' action, nor is it connected with the subject of plaintiffs' action, which is based on malicious acts and trespass of defendants in cutting and destroying the water pipe line, located on land adjacent to the leased premises. Defendants' claim or cause of action has nothing whatever to do with this transaction, nor is the alleged breach of the contract on the part of plaintiffs connected with the subject of the action set forth in plaintiffs' petition. Plaintiffs' cause of action is not based on the lease contract. The right to counterclaim damages is given by section 274, supra, and unless the claim can be brought within this section it cannot be pleaded by defendants as a counterclaim. Phillips v. Hargadine-McKittrick Dry Goods Co., 59 Okla. 294, 159 P. 320; First Nat. Bank v. Thompson, 41 Okla. 88, 137 P. 668; Harris v. Warren-Smith Hdw. Co., 44 Okla. 477, 144 P. 1050; Union Nat'l. Bank v. Jones, 152 Okla. 211, 4 P. (2d) 62. Defendants' claim is based on a separate and independent transaction, not connected with that upon which plaintiffs base their claim, and cannot therefore be pleaded as a counterclaim.

The record shows that at the time this action was tried there was an action pending in the district court of McClain county between plaintiffs and defendant E. F. Stephens in which plaintiffs sought to cancel defendant's lease because of an alleged breach thereof; to recover possession of the leased premises and damages for waste committed thereon; that defendant Stephens in that action sought to recover by means of counterclaim the identical damages recovered in this action. We think there can be no doubt that defendant's counterclaim in the McClain county action constitutes a proper pleading, and, if the evidence warrants, may recover his damages by way of counterclaim in that action.

The judgment is reversed and the cause remanded, with directions to sustain plaintiffs' demurrer to defendants' counterclaim and for further proceedings not inconsistent with the views herein expressed.

LESTER, C. J., and RILEY, CULLISON, ANDREWS, and McNEILL, JJ. concur. KORNEGAY, J., dissents. CLARK, V. C. J., and SWINDALL, J., absent.