## GOOLDY et al. v. J. B. KLEIN IRON & FOUNDRY CO.

No. 23804.   Feb. 5, 1935.

Edwards & Robinson, for plaintiffs in error.

Shirk, Danner & Phelps, for defendant in error.

PER CURIAM. J. B. Klein Iron & Foundry Company brought suit against W. T. Gooldy and S. F. Epperson, a copartnership doing business as Gooldy & Epperson, to recover for the rental of and repairs on an air compressor.

The defendants filed an answer and cross-petition, the answer asserting an accord and satisfaction as one defense, while the cross-petition alleged certain damage as the result of defective steel furnished defendants by plaintiff.

This action was tried to the court, who rendered judgment for the plaintiff, from which this appeal has been taken.

Two propositions are urged as grounds for reversal, the first being:

"That the uncontradicted evidence of the defendants showing an accord and satisfaction was of such weight that it was error in law for the court to refuse to find an accord and satisfaction."

With reference to this question the court found:

"It is by the court further found that from a preponderance of the testimony the defendants failed to establish the material allegation set forth and contained in their answer."

At the outset we are faced with the established rule that, if there is any evidence tending reasonably to support the findings and judgment of the trial court, same will not be disturbed by the appellate court.

We have no difficulty in agreeing with the trial court's findings and judgment on this proposition, as the record contains sufficient evidence to support a finding that there had not been an accord and satisfaction as to the account sued upon, and, further, that the compressor had been rented as alleged in plaintiff's petition.

In the brief of plaintiffs in error the following statement is found:

"The evidence, though disputed, is ample to sustain the allegations of plaintiff's petition, that the compressor was rented and not loaned to the defendants. * * *"

In Hunt on Accord and Satisfaction, page 6, section 2, it is written:

"Like all other agreements, there must be an assent to and a meeting of the minds of both parties upon the terms of the new agreement."

In the case of Deming Inv. Co. v. McLaughlin, 30 Okla. 20, 118 P. 380, the third paragraph of the syllabus reads, in part, as follows:

"A party, relying upon the defense of accord and satisfaction, must not only plead the same in a proper manner, but must prove the offer, acceptance, or ratification by the parties. * * *"

In the case of Gentry et al. v. Fife, 56 Okla. 1, 155 P. 246, this court held:

"The defense of accord and satisfaction must not only be properly pleaded, but the evidence must show a meeting of the minds on the new promise, and that it was made and accepted with the purpose and intent that it should operate as a discharge of the prior obligation, and the purpose and intent is a question of fact for the court or jury to determine."

In Munn et al. v. Mid-Continent Motor Securities Co., 100 Okla. 105, 228 P. 150, this court held with reference to an accord and satisfaction that:

"The promise or agreement will not operate as a satisfaction of the original debt or demand, unless the claimant intended to accept it as such, and such intention must be alleged and proven."

In Fern v. First Nat. Bank of Anadarko, 119 Okla. 228, 249 P. 404, the syllabus reads:

"There are three elements to constitute accord and satisfaction: (1) Liability of the defendant; (2) agreement of the amount to be paid; and (3) acceptance of this agreement in settlement of the original claim or dispute; and where a defendant sets up in his answer accord and satisfaction, he must plead and prove each of the foregoing elements before he is entitled to recover."

Other authorities might be cited, but it is sufficient to say that the evidence introduced by the defendants failed to meet the requirements of the rule laid down by the cited cases.

The second proposition urged is:

"That the court committed error in law in excluding the evidence of the defendants offered in support of their cross-petition."

The air compressor described in plaintiff's petition and rented to defendants was used by defendants in their work in Payne county, while the alleged defective steel that was the basis of defendants' cross-petition was furnished by plaintiff to defendants and used on certain highway bridge jobs in Sequoyah county, it being alleged in the cross-petition that the steel furnished was of incorrect measurements and weight, and could not be used in said bridge work until the same had been recut and rebored by defendants, and that by reason thereof defendants expended additional time with their crew on the jobs, to the damage of defendants; and said cross-petition further alleged that by reason of a further breach of contract the defendants were compelled to make a refund to the State Highway Commission.

An objection was made by plaintiff, and sustained by the court, to the introduction of evidence in support of defendants' theory of damages as set out in the cross petition, and this ruling of the court is assigned as error.

As previously stated herein, one of the defenses alleged in the answer was that of accord and satisfaction. This plea was based upon a check, exhibit No. 5, in the sum of $1,981.66, dated January 31, 1928, made payable to and cashed by plaintiff, and upon which were these words: "Acct. in full."

It was developed in the trial of this case that there had been a prior suit between these same parties upon an account for steel and supplies furnished by plaintiff to defendants for their use on certain highway bridge jobs in Sequoyah county, the steel being the same as that referred to in defendants' cross-petition.

We point out that in defendants' answer it is alleged, in part, as follows:

"5. Defendants further allege that some time during December, 1927, they received a statement from plaintiff as to the total amount due from the defendants as to the plaintiff, and that this statement showed the item of the rent upon the compressor as paid and showed the entire balance due was for steel and construction supplies which had been furnished the defendants by the plaintiff. That the defendants denied that they owed this amount, and thereafter did, on the 31st day of January, 1928, send the plaintiff a check in the amount of $1,981.66, which check was in words and figures including indorsements as follows, to wit: (here follows full description of check.)

"And that the plaintiff did thereafter on or about the 1st day of February, 1928, cash said check without qualifications or exceptions, as being in satisfaction of said account."

There can be and is no question but that this check was given in payment for the steel and supplies furnished defendants by plaintiff and used by defendants in Sequoyah county; also, defendants alleged an accord and satisfaction not in any wise tainted with fraud. That being true, their plea of accord and satisfaction admits no action on the steel and supplies, that account having been completely settled by such plea of defendants.

Defendants contend for a reversal of the judgment because the court refused to permit the introduction of evidence with reference to the damages alleged in their cross-petition, and cite section 273, C. O. S. 1921, and numerous authorities construing this section in support of their position. We have no disagreement with the authorities cited in so far as they are applicable to this situation, and there is no question but that inconsistent defenses and counterclaims may be set up in an answer. Emerson-Brantingham Implement Co. v. Ware, 71 Okla. 19, 174 P. 1066.

However, the matters set out in defendants' cross-petition were not a defense to plaintiff's cause of action, and, too, the matters alleged in the cross-petition are inconsistent with the admissions contained in the answer filed by defendants. Further, the matters contained in this cross-petition arose out of a separate and distinct transaction, namely, steel and supplies furnished for works in Sequoyah county, while this action was for rental and repairs on an air compressor furnished defendants for use in Payne county.

This court had under consideration the construction of section 273, supra, and a question similar to this in the case of Harris v. Warren-Smith Hardware Co., 44 Okla. 477, 144 P. 1050. In the opinion, and on page 481 of Okla. Reports, this section of the statute was quoted, and the court then said:

"It must be observed from the foregoing section that, whether the relief sought in the answer be a defense, counterclaim, or set-off, each of such grounds of relief must refer to the causes of action they are intended to answer.

"Section 4746 provides:

"'The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action or on account of a wrongful attachment or garnishment issued and levied in said action after the same has been set aside. The right to relief concerning the subject of the action mentioned in the same section must be a right to relief necessarily or properly involved in the action for a complete determination thereof, or settlement of the questions involved therein.'

"It is clear from this action that the counterclaim contemplated by statute must be one arising out of, or in some way connected with, the transactions set forth in plaintiff's petition, and must be a relief so involved that a determination thereof is necessary to a complete determination or settlement of the questions involved in plaintiff's action. Hence, under the statutes, supra, and the case of First National Bank v. Thompson ( 41 Okla. 88, 137 P. 668), the relief sought in the two counts of defendant's answer does not constitute a proper counterclaim against plaintiff's action."

Further on in the opinion the court said:

"The relief sought in defendant's counterclaim is as distinctly disconnected and independent of the questions involved in plaintiff's action as was the note sought to be pleaded as a defense in the First National Bank Case, supra, and a determination of the issues presented in such counterclaim could have no bearing or effect whatever in a proper determination of the issues presented in plaintiff's petition. The plaintiff may or may not have been entitled to recover the amount sued on under the plumbing contract. The defendant may or may not have been entitled to the relief sought in his counterclaim. Testimony for or against the issues presented in plaintiff's action is wholly irrelevant to the issues presented in defendant's counterclaim, and vice versa. Hence, in order to avoid the confusion of the issues, and the testimony for and against independent issues, it has become a settled rule of practice, and we think a sound one, that such issues can be more satisfactorily settled, and finally determined with less confusion, by requiring a separate trial."

In Phillips v. Hargadine-McKittrick Dry Goods Co., 59 Okla. 295, 159 P. 320, this court held:

"The defendant may in his answer set out and plead any new matter constituting a defense or counterclaim, but the counterclaim must be one existing in favor of the defendant and against the plaintiff and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action or on account of the

wrongful attachment or garnishment issued and levied in said action after the same has been set aside."

The second paragraph of the syllabus in the case of Tracy v. Norvell et ux., 92 Okla. 240, 219 P. 384, reads:

"The defendant cannot plead a counterclaim where his cause of action against the plaintiff arises upon a transaction connected with another conveyance of real property to defendant by plaintiff not arising from or connected with the transaction set forth in plaintiff's petition as the foundation of plaintiff's claim."

And this holding was reaffirmed in the case of Abraham v. State ex rel. Mothersead, 117 Okla. 77, 244 P. 741; and followed in First Nat. Bank of Ada v. Jackson, Ex'x, 140 Okla. 282-290, 283 P. 242, also in Hogue et al. v. Stephens et al., 159 Okla. 31, 14 P. (2d) 219.

It is necessary to discuss one other rule involved in this proposition or question, and that is, it is settled that:

"Where an accord has been executed it operates as a complete bar to an action on the original claim. * * *" 1 C. J. page 523.

According to the admission in defendant's answer, there had been an accord and satisfaction with reference to the original claim, that is, the claim or account of the plaintiff against the defendants for the steel and supplies furnished for the work in Sequoyah county. Therefore, the accord and satisfaction was and is a complete bar to an action on the said claim. Consequently, defendants' cross-petition for damages was barred, same being based upon the original claim or account.

In Lee v. Little, 81 Okla. 168, 197 P. 449, the first paragraph of the syllabus reads, in part:

"Where a party to an action makes solemn admissions against his interest in a pleading, they should be treated as admitted facts, and he will not be heard to question the correctness thereof at any stage of the case in the trial court or on appeal, when properly preserved in a transcript or case made so long as they remain a part of the record. * * *"

In Wilkinson et al. v. Stone et al., 82 Okla. 296, 200 P. 196, this rule was reaffirmed, and the same is true in the case of Bank of Buchanan County v. Priestly, 87 Okla. 62, 209 P. 412; also, in Miller et al. v. Gregory et al., 132 Okla. 48, 269 P. 302; and also in Home Ins. Co. of N. Y. v. Whitchurch, 139 Okla. 1, 281 P. 234.

In Dressler v. Johnston (Cal. App.) 21 P. (2d) 969, the court in its opinion said:

"A fact which is admitted by the pleadings is controlling upon that issue. It requires no evidence to support it. It forbids the consideration of evidence which tends to refute the stipulated fact."

In Sea-Gate Tire & Rubber Co. v. Moseley, 161 Okla. 256, 18 P. (2d) 276, this court held:

"Defendant, in answer, admitting ownership of property attached, could not contend title was in another."

Again, in Lyman et al. v. Cowen et al., 167 Okla. 574, 31 P. (2d) 108, this court held:

"Litigant is bound by his pleadings, and exclusion of evidence offered to contradict admissions in pleadings of party offering it is not error."

Because of defendants' admission by their plea of accord and satisfaction, there was no issue between the parties as to the steel and supplies that went into the Sequoyah county projects, and, therefore, the trial court did not err in refusing to admit evidence upon the alleged issue as contained in the cross-petition.

The rules announced in the cited cases are applicable to this case, and the reasoning therein sustains the action of the trial court herein. Judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys Sam L. Wilhite, Grover Wamsley, and William McFadyen in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wilhite and approved by Mr. Wamsley and Mr. McFadyen, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BAYLESS, BUSBY, and GIBSON, JJ., concur.