ALBERT DAY, Respondent, *v.* THE TOWN OF NEW LOTS, Appellant.

The complaint herein alleged, in substance, that plaintiff purchased certain premises on a mortgage foreclosure sale, and paid the sum bid to the referee making the sale, who made the payments directed by the decree and by order of the court deposited the surplus with the county clerk; that on or about February, 1874, defendant's collector received $2,197.82 of such surplus from said clerk, and applied it upon a warrant held by him for the collection of an assessment on the premises for a local improvement, which assessment was subsequently adjudged to be illegal and void, and that $1,499.93 of said sum so received "belonged to and

was and still is the property of plaintiff," and was so taken and received without his knowledge or consent. The only question of fact litigated upon the trial was as to the ownership of the surplus, and the only testimony given by plaintiff on this subject was that he paid a subsequent valid assessment for the same improvement. No offer was made by plaintiff to amend his complaint or to conform the pleadings to the proof. *Held*, that judgment was properly rendered dismissing the complaint, as the proof failed to show that plaintiff had any title to the surplus, which belonged to the mortgagor or the owner of the equity of redemption; that any equitable right plaintiff may have had to require the payment of the valid assessment out of the surplus could not be determined, as it was not presented by the pleadings and the real party in interest was not represented in the litigation; that the provisions of the Code of Civil Procedure requiring objections as to defect of parties to be raised by answer or demurrer did not apply, as defendant was only required to plead to the cause of action stated in the complaint.

A judgment must be rendered in conformity with the allegations and proofs of the parties.

*It seems* it is competent for the court in the judgment in a foreclosure action to direct the land to be sold free of all liens, taxes and assessments or subject thereto, or it may require them to be paid out of the proceeds of sale under such terms and conditions as it shall prescribe.

It is error for the General Term of the Supreme Court to base a reversal of a judgment rendered by a trial court upon facts not proved before or found by it.

While an appellate court under certain circumstances may permit a record not given in evidence below to be produced upon the argument, it is allowable only for the purpose of sustaining the judgment, never for the purpose of reversing it.

In reviewing judgments rendered upon trial before a court or a referee, it is the duty of the appellate court to indulge all reasonable presumptions in support of the judgment and to assume when necessary, that all the evidence in the case was considered, and a conclusion thereon, adverse to the appealing party, reached.

The action was commenced in January, 1884. *Held*, that if any liability was incurred by defendant it was barred by the statute of limitations.

*Day* v. *Town of New Lots* (36 Hun, 263), reversed.

(Argued June 27, 1887; decided October 11, 1887.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made May 11, 1885, which reversed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term. (Reported 36 Hun, 263.)

The nature of the action and the material facts are stated. in the opinion.

*D. D. Whitney* for appellant. The plaintiff had no interest in the surplus money. (36 Hun, 266.) As no requests to find were submitted by the plaintiff, and no exceptions were or could have been taken to the refusal of the court to find, this court is confined to the state of facts as presented in the findings. (*Smith* v. *Glens Falls Ins. Co.*, 62 N. Y. 85.).

The plaintiff's cause of action against the defendant (if any) was complete at the time the money was so applied to the payment of the void assessment. (*Horn* v. *Town of New Lots*, 83 N. Y. 100.) This action is in the nature of one for money had and received to the use of the plaintiff, and the remedy is barred in six years. (Code of Civ. Pro. § 382; *Brundage* v. *Vil. of Portchester*, 31 Hun, 129; *Parsons* v. *City of Rochester*, 43 id. 258.) This court is bound by the proof and findings as presented in the printed case. (*N. Y. Cable Co.* v. *Mayor, etc.*, 104 N. Y. 39.)

*Matthew Hale* for respondent. The money paid by respondent on this sale should have been applied first to the extinction of valid assessments upon the premises before payment of mortgages and interest. (*Eastman* v. *Pickersgill*, 55 N. Y. 316.) The fact admitted by the proper officer, that defendant. got the benefit of the payment in the reduction of its bonded debt, raises an implied liability to repay plaintiff which can in no way be estopped. (*Horn* v. *New Lots*, 83 N. Y. 100.) There can be no doubt as to the validity of the town bonds. issued under chapter 217, Laws of 1869, section 7. (*Horn* v. *New Lots*, 83 N. Y., 100, 105.) In the absence of proof, the. presumption is that the judgment was in form prescribed by law, and that if there was any contrary direction it was for the defendant to show it. (Code of Civ. Pro. § 1679.) A defect in record evidence may be supplied on the argument of an appeal. (*Farmers' B'k* v. *Cowan*, 1 Abb. Ct. App. Dec. 88.) The defendant cannot avail itself here of the statute of

limitations.  (*Bommer* v. *Am. Spiral S. H. M. Co.*, 81 N.
Y. 468, 470.)

Ruger, Ch. J.    The complaint states the following
facts as the foundation of the plaintiff's claim against the
defendant, viz.: That the plaintiff purchased certain lands in
the town of New Lots, described in the complaint, upon a
foreclosure sale for the sum of $7,600, and paid that sum,
being the amount of his bid, to the referee appointed to make
the sale; that said referee made the payments directed by the
decree of foreclosure to be made from such purchase-money,
and that there was a surplus arising from such sale over and
above such payments of $2,497.18, which was deposited by
the referee with the county clerk of Kings county by order of
the court; that on or about February 1, 1874, the collector of
the town of New Lots received $2,197.82 of such moneys from
said clerk and applied it upon a warrant held by him for the
collection of an assessment for grading Atlantic avenue, which
was subsequently adjudged to be illegal and void; that such
moneys were received by and applied to the uses of the town
of New Lots.   It then alleges " that $1,499.93 of the said sum
of $2,197.82, so taken and received by the collector as aforesaid,
*belonged to and was and still is the property of the plaintiff*,
and was so taken and received without the knowledge or con-
sent of the plaintiff and without any notice to him."   The
complaint concludes by averring " that the said defendant has
wrongfully taken and received without the knowledge or con-
sent of the plaintiff the aforesaid sum of $1,499.93, *the prop-
erty of the plaintiff*, and applied the same to its own use and
has wholly failed and neglected to pay over the same to plaintiff
on demand," and asks judgment for that sum.
    The answer put in issue the allegation of the plaintiff's
purchase of the property and his claim to the ownership of
the sum of $1,499.93, and the allegation that the assessment,
upon which the amount received from the county clerk was
applied, was void, *and admitted the other averments of the
complaint*.   The answer also set up the statute of limitations

as a defense. It was conceded on the trial that the plaintiff was the purchaser of the premises for the sum of $7,600 and the fact that the assessment for grading Atlantic avenue had been adjudged to be illegal and void was assumed without question. These admissions left the question as to the ownership of the surplus money, the only material issue of fact presented by the pleadings.

The facts that the referee had paid the amounts directed to be paid by the judgment-roll, and that the sum of $2,497.18 constituted a surplus over and above such payments, were established by the admissions in the pleadings and could not, therefore, be made the subject of any controversy on the trial.

The defendant's counsel, after the evidence was substantially in, moved to dismiss the complaint on the ground that the surplus moneys did not belong to plaintiff. The court reserved its decision upon this motion, and after consideration of the whole evidence determined that the plaintiff's proof failed to make out a cause of action. It held that the complaint counted upon a cause of action to recover upon the ground of the plaintiff's title to the moneys in dispute, and that he had shown no title in or right to them, and ordered judgment for the defendant.

The plaintiff made no effort on the trial to amend his complaint, or to conform the pleadings to the proofs, or any claim or suggestion of a right to recover upon any cause of action except that presented by his complaint. Neither did he make any request for findings of fact, and none such were made by the court in addition to the facts referred to in the complaint, except that, subsequent to his purchase, the plaintiff paid to the comptroller of the state a valid assessment upon said premises for grading Atlantic avenue, amounting to $1,000. No material exceptions were taken by the plaintiff until the close of the case, when he presented a general exception to each of the findings of fact and conclusions of law reached by the trial court.

The findings of fact were precisely in accordance with the allegations of the complaint, so far as that went, except in

respect to the ownership of the surplus moneys which was found against the plaintiff's claim. There is no claim made now that the surplus moneys did belong to the plaintiff, and the finding that the plaintiff paid the comptroller $1,000 upon a valid assessment, if it is entitled to any effect, was a favorable one to plaintiff and could not, therefore, be made the subject of a valid exception by him.

It is thus seen that the case contains but a single material exception taken by the plaintiff, and that is to the finding of law "that the defendant is entitled to judgment dismissing the plaintiff's complaint." The sole question presented by this exception is whether the proof sustained the plaintiff's claim as the owner of the surplus moneys. It was held in this court in a case, in all material respects similar to this, that such surplus moneys belonged to the mortgagor, or the owner of the equity of redemption, and it follows, therefore, that they could not belong to the purchaser at the mortgage sale. (*Horn* v. *Town of New Lots*, 83 N. Y., 100.)

The judgment of the trial court, therefore, covered all the issues in the case, was fully supported by the proof, and was not subject to any legal exception.

The General Term, however, upon appeal reversed the judgment and ordered a new trial. Its order of reversal does not state that it was made upon questions of fact, and it must, therefore, be assumed to have been made upon questions of law only, and upon familiar rules, must be sustained, if sustained it can be, by some valid exception taken upon the trial.

We have seen that there is no such exception in the case, and the judgment rendered by the trial court was, therefore, unassailable upon any legal ground. We might well close the discussion of the case at this point, but we deem it not unprofitable to refer briefly to the theory upon which the court below reversed the judgment of the trial court, as shown by the opinion of the majority of the court. That court seemed to be of the opinion that the evidence showed an equitable right on the part of the plaintiff to recover the sum claimed by

him, and that the trial court erred in not giving him the benefit of such right, by its judgment.

The theory upon which this result is arrived at is that the decree of foreclosure, required all taxes and assessments on the premises foreclosed, to be paid out of the purchase-money, and that a valid assessment for $1,499.93 thereon remained unpaid until November, 1883, when it was paid by the plaintiff, to the comptroller of the State to redeem his land from a sale thereof, made to enforce the collection of such assessment. The argument, in brief, was that the defendant by wrongfully receiving from the county clerk $2,193.82 of the purchase-money realized on the sale of the premises, had taken possession of moneys which were devoted by the judgment in the foreclosure action to the payment of a valid assessment for $1,499.93, and, therefore, became equitably liable, to avoid circuity of action, to repay to the plaintiff the sum which he had been obliged to advance to the comptroller to redeem his land. As we have seen, this cause of action was not presented by the pleadings, nor was it tried or determined by the trial court. The reversal seems to have proceeded upon questions neither presented by the pleadings, nor sustained by the proof, and in an action where the real party in interest was not represented in the litigation, or bound by the adjudication. (*McGregor* v. *Buell,* 3 Abb. Ct. App. Dec. 86.)

In arriving at the conclusion that there was a defect of parties in the cause of action discussed by the General Term, we have not omitted to consider the effect of sections 488, 498 and 499 as a waiver of such an objection. It was unnecessary in this case to raise such an objection by answer, as a party can be required to plead only to the causes of action stated in the complaint. If the complaint had been amended on the trial so as to embrace the cause of action upon which the judgment was reversed, the objection as to a defect of parties might be deemed to have been waived, if it had not been set up by answer; but as it is, such a claim is untenable. The rule that judgment should be rendered in conformity with the allegations and proofs of the parties, "*secundum allegata et*

*probata,*" is fundamental in the administration of justice. (*Wright* v. *Delafield*, 25 N. Y. 266.)

Any substantial departure from this rule is sure to produce surprise, confusion and injustice, and this case presents no exception to such a result. To permit a recovery by the plaintiff in this action would still leave the defendant liable. to an action by the true owner for the moneys illegally taken by it from the county clerk, and would compel the defendant to repay to the plaintiff the whole sum of $1,499.93, while. there are still moneys in the hands of the county clerk apparently applicable to tho claim of the plaintiff, if it is maintainable at all. Even though the tax upon which the defendant claimed the right to take these moneys was void and uncollectible, it was still competent for the taxpayer voluntarily to pay it; and in such event the town would be entitled to hold the moneys received.

There is no evidence that the real owner of the surplus moneys has made any objection to the appropriation of them by the town, and no reason to suppose that he intends to contest its right to them, and as against all other persons it is, so far as can be discovered from this case, their right to retain them. The court below have gone outside of the case to discover facts upon which to support their theory, and have adjudicated upon a case not embraced in the pleadings, in the absence of the parties most interested in the disposition of the property involved, and upon assumptions not only unsupported by evidence but contrary to the admissions contained in the pleadings and the findings of the trial court. (*Comstock* v. *Ames*, 3 Keyes, 357.)

If it is true that the foreclosure judgment provided for the payment of liens and taxes which were not paid by the officer charged with that duty, it was essential to the proper adjudication of the questions involved, that the real parties in interest should have been brought into the litigation, and that the amount of such liens and taxes should be known, and what application of the purchase-money had been made, for the purpose of determining by whose fault the fund had been

dissipated and misapplied, and the assessment, alleged to have been paid by the plaintiff, had been allowed to double in amount by delay through accumulations of interest and otherwise. From an examination of the facts stated in the respondent's brief, and the cases of *Easton* v. *Pickersgill* (55 N. Y. 316) and *People ex rel. Day* v. *Bergen* (6 Hun, 267), therein referred to, we are of the opinion that the material facts are very imperfectly presented by the printed case, but we are not at liberty to go outside of the record to discover facts upon which to base an adjudication. Those facts may, however, be referred to argumentatively, to show how dangerous it is for courts to adjudicate upon causes of action not stated in the pleadings, or tried in the court of original jurisdiction. From the information derived from the sources referred to we infer that the sum paid for the premises was nearly or quite sufficient to pay all liens and assessments, both valid and invalid, thereon if it had been promptly and properly applied. That it has not been so applied seems to have been mainly the fault of the purchaser of the premises, for he was most largely interested in the question, and had the power at all times, either by action or summary application to the court, to procure the appropriation of this fund to the payment of liens, and the relief of his property from incumbrance, and it is not a question free from doubt whether he has not lost his right to relief, if he had any, by his own laches.

We have been unable to discover any ground upon which the General Term was authorized to assume that the foreclosure judgment contained any provisions requiring the payment of taxes and assessments by the referee. The contents of a judgment-roll are like any other fact in the case to be proved and cannot be the subject of presumption. It was competent for the court rendering the judgment in the foreclosure action, to direct the land to be sold free of all liens, taxes and assessments thereon or subject thereto, or it might require them to be paid out of the proceeds of the sale, under such terms and conditions as it should prescribe, and these facts could only appear from an examination of such roll. The roll in question was neither

set forth in the pleadings nor proved or produced on the trial, and it does not appear in the record of the case. We think, therefore, it was error in the court below to base a reversal of the judgment rendered by the trial court upon facts neither proved before nor found by it, and of which they could have had no legal information.

We infer from a statement in the brief of one of the counsel that a certified copy of such judgment-roll was produced on the argument before the General Term, and it is probable that their information of its contents, was derived from such copy. If such was the case, it was clearly error for that court to act on information thus obtained. While there are cases authorizing an appellate tribunal under certain circumstances to permit a record to be produced upon the argument in the appellate court, this is allowed only for the purpose of sustaining a judgment and is never permitted for the purpose of reversing one. (*Stillwell* v. *Carpenter*, 62 N. Y. 639 : *Porter* v. *Waring*, 69 id. 250, 254.)

A further objection exists in the fact that such judgment-roll was inadmissible under the pleadings as it was not set forth or alleged the ein and was a material fact in the view taken by the General Term. The settled rule of appellate tribunals requires them, in reviewing judgments rendered upon a trial before a court or referee, to indulge all reasonable presumptions in support of the judgment of such tribunals, and to assume that they considered all of the evidence in the case and came to a conclusion adverse to the appealing party thereon, where it is necessary to support the judgment rendered. (*Hays* v. *Miller*, 70 N. Y. 112, 116 ; *Sheldon* v. *Sherman*, 62 id. 484.)

The court below seem to have reversed this rule and disregarded the findings and proofs, as well as the pleadings.

As we have before seen, the pleadings established incontestably the facts that all payments directed to be made by the judgment of foreclosure, had been made by the referee, and that the sum of $2,497.18 was surplus over and beyond such payments, and the trial court found these facts in accord-

ance with the allegations and admissions of the pleadings. These admissions and findings established conclusively the facts stated, and it was clearly error for the General Term to reverse the judgment entered thereon, upon the assumption that the referee in the foreclosure action did not make the payments which he was directed to make by the judgment, and that the sum of $2,497.18, was not surplus moneys at all, but was a fund devoted by the judgment of foreclosure to the payment of the liens upon the premises. The plaintiff could not recover upon such a cause of action except by controverting the main allegations of his complaint, and showing the reverse of the facts alleged by him, and admitted by the answer. We have not been unmindful of the cases holding that when an action has been tried upon its merits without regard to the pleadings, and the evidence has been received therein without objection, the court should order such a judgment as the evidence calls for and justifies, but even in such a case the judgment rendered cannot be reversed unless the questions involved are presented by some legal exception.

This, however, is not such a case, for not only was the evidence insufficient to establish the equity supposed to have existed in favor of the plaintiff, but the parties tried the case presented by the pleadings, and no other, and demanded judgment upon the allegations of the complaint and requested no other judgment. The trial court was called upon to determine whether the cause of action set up in the complaint had been made out, and when it decided that it had not, they had acted upon and decided every question presented to it.

We have deemed it unnecessary to discuss the question of the effect of the statute of limitations upon the action, because the grounds before referred to are deemed a conclusive answer to the plaintiff's claim, but we must confess that it is difficult to see how a liability which was incurred by the defendant in 1874, if incurred at all, and for which it was then liable to some one, can remain unprosecuted for a period of upwards of nine years, without being barred by the statute.

For the reasons stated we are of the opinion that the order of the General Term should be reversed, and the judgment of the trial court affirmed, with costs.

All concur.

Order reversed, and judgment affirmed.