[S. F. No. 5543. In Bank.—December 22, 1911.]

FLORENCE BILLESBACH and THOMAS BILLESBACH, her Husband, Appellants, v. A. S. LARKEY, Respondent.

PLEADING — APPEAL — REVIEW OF ORDER SUSTAINING DEMURRER.—An appellate court, in reviewing an order sustaining a demurrer to a complaint, in which several grounds of demurrer were set forth, cannot take notice of the supposed reasons of the court below in reaching its conclusion, and is not confined to those reasons in considering the rights of the parties upon the appeal.

ID.—NEGLIGENCE OF PHYSICIAN—UNCERTAIN COMPLAINT—RENEWAL OF PRESCRIPTION.—In an action against a physician to recover damages for injuries caused to a patient as the result of his alleged negligence, the complaint is subject to a special demurrer for uncertainty where the only negligent act averred is that after the plaintiff had been taking a certain drug prescribed by the defendant for some two months, getting the prescription refilled at a drug-store as needed, the druggist refused to refill it again without special authority from the defendant, and that thereupon the defendant carelessly, unskillfully, and negligently instructed said druggist to refill said prescription for her whenever she wanted it, without bothering him each time, and that he did not revoke said instruction for more than a year thereafter, and that the plaintiff, being ignorant of the deleterious effect of the drug, continued to get the prescription refilled and to take the drug for fourteen months thereafter, whereby she was made sick and weak and was seriously injured in mind and body.

ID.—NEGLIGENT PRESCRIPTION—IMPROPER USE OF PRESCRIPTION.—Such a complaint is uncertain, in that it cannot be determined therefrom whether the drug was negligently and improperly prescribed, or whether it was properly prescribed, but was directed by the prescription to be taken in an improper manner, or in improper quantities, or with improper frequency.

ID.—AMENDMENTS TO COMPLAINT—REFUSAL OF AMENDMENT—APPEAL.—Ordinarily the trial court should be liberal in allowing amendments to a complaint where the defect is one of form only. This, however, is a matter which is almost entirely within the discretion of that court, and the appellate court can reverse the case only when there is a manifest abuse of discretion in giving final judgment on demurrer without leave to amend.

ID.—SUSTAINING DEMURRER TO THIRD AMENDED COMPLAINT—DISCRETION.—The plaintiff does not have a positive right to amend his complaint after a demurrer has been sustained to it, and it cannot be held to be an abuse of discretion to refuse to allow further amendments after a demurrer has been sustained to a third amended complaint.

APPEAL from a judgment of the Superior Court of Alameda County. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

W. J. Donovan, and R. L. McKee, for Appellants.

Chickering & Gregory, and Snook & Church, for Respondent.

SHAW, J.—This is an appeal by the plaintiffs from a judgment given against them in the court below. A demurrer to the third amended complaint was sustained and thereupon the judgment was rendered, leave to amend further being refused. The decision depends on the sufficiency of the complaint in the particulars pointed out by the demurrer.

The complaint alleges that the defendant is a physician and was employed by plaintiffs on December 22, 1907, to cure the plaintiff, Florence, of a malady from which she was then suffering. In the course of his professional duties toward her he gave her a written prescription for the taking of a drug known as heroin, a derivative of morphine or opium. It is alleged that he "carelessly and negligently" did this, but there is no fact alleged tending to show wherein the prescription was improperly or carelessly given in the first instance. The only negligent act set forth is that after she had been taking this drug for some two months, getting the prescription refilled at a drug store, as needed, the druggist refused to refill it again without special authority from the defendant and that thereupon the defendant carelessly, unskillfully, and negligently instructed said druggist to refill said prescription for her whenever she wanted it, without bothering the defendant each time, and that he did not revoke said instruction for more than a year thereafter, and that the plaintiff, being ignorant of the deleterious effect of the drug, continued to get the prescription refilled and to take said drug for fourteen months thereafter, whereby she was made sick and weak and was seriously injured in body and mind. The complaint is diffuse, irrelevant matters are stated and other unconnected acts of negligence alleged, but the foregoing is the only matter that can be considered as actionable.

The defendant in his brief has argued at great length the proposition that the action is barred by the statute of limitations. It is said that it was upon this ground that the court below sustained the demurrer. There were, however, several other causes of demurrer assigned. If we find the ruling justifiable on any of the other grounds the judgment must be affirmed. We cannot take notice of the supposed reasons of the court below and we are not confined to those reasons in considering the rights of the parties upon the appeal. The defendant also claims that the other grounds of demurrer are well taken.

The tenth cause of demurrer is that the complaint is uncertain in many particulars specifically stated, among which is that it cannot be determined therefrom whether the heroin was negligently and improperly prescribed for the malady, or whether it was properly prescribed for the malady, but was directed by the prescription to be taken in an improper manner, or in improper quantities, or with improper frequency. The complaint is clearly defective in these particulars. It does not give, or attempt to state, the contents or substance of the prescription. It does not allege how often or in what quantities the drug was to be taken, nor how often or in what quantities it was taken. It does not aver that heroin was not adapted to the cure or alleviation of the disease from which plaintiff, Florence, was suffering. According to the complaint, the cause of the alleged injury was the continued taking of heroin, after the instruction of the defendant to the druggist to refill the prescription as often as she asked to have it done. This instruction was given in February, 1908. But the only allegation with respect to the taking is that said Florence thereafter "did continue to order and did order large quantities of heroin up to about the 23d day of April, 1909, which was taken and administered to her, the said Florence Billesbach, in accordance with the notification, instructions and open prescription given by said defendant to said druggist." This means that the heroin was taken by her in accordance with the original prescription. The fact that she ordered large quantities could not harm her if she did not take it. As she took it only in accordance with the prescription, the question of the carelessness or lack of skill of the defendant would depend wholly on whether he ordered it taken too often, or in too large quantities, or directed or knowingly or negligently permitted her to continue its use as prescribed for too long a period. Upon each of these propositions the complaint is silent. There is no allegation that he failed to warn her or inform her of the nature of the drug, or of the danger of continuing its use too long. It is alleged, by way of recital only, that she was ignorant of the drug and its harmful effects, but there is no averment that it was in fact harmful. It is one thing to give medicine in an improper manner, another thing to give it too often, another thing to give it in too large quantities, and still another to direct or permit its use to be too

long continued. The proof which would meet one of these
charges might be essentially different from that necessary to
meet another. The defendant had a right to demand that the
plaintiffs inform him which of these acts constituted the
negligence charged against him. Admitting that the injury
was caused by the conduct of the plaintiff in continuing the
use of the heroin from February, 1908, to April, 1909, and
that the defendant should have instructed her not to do so,
it is nevertheless true that the injury may have arisen from
the quantity being too large, or from too frequent repetitions
of the dose, and the complaint contains no information as to
which is intended to be proven. If it is claimed that the taking
of the drug for fourteen months in the smallest quantity, and
at long intervals is necessarily injurious, the complaint should
have alleged the fact. It does not aver that the defendant did
not instruct her not to continue its use so long, or inform her
that the long continued use of the drug was likely to be
injurious. It is only by giving a liberal construction in favor
of the plaintiffs to the language of the pleading that we can
say that it alleges that the injury to the plaintiff, Florence,
was caused by using the drug for too long a time. The allega-
tions as to the cause are vague and general. While the plead-
ing might be sufficient to withstand a general demurrer, we
cannot regard it as sufficient to inform the defendant of the
particular act of negligence, charged against him, when the
objection is taken by a special demurrer pointing out the
uncertainty.

Ordinarily the trial court should be liberal in allowing
amendments where the defect in the complaint is one of form
only. This, however, is a matter which is almost entirely
within the discretion of that court and this court can reverse
the case only when there is a manifest abuse of discretion
in giving final judgment on demurrer without leave to amend.
The plaintiff does not have a positive right to amend his
pleading after a demurrer has been sustained to it. His
leave to amend afterward is always of grace, not of right.
(Code Civ. Proc., sec. 472.) In the present case the final
pleading of the plaintiffs was the third amended complaint.
It was, therefore, their fourth attempt to state a cause of
action. It cannot be commended as a model, after all this
effort and amendment. The refusal of leave to amend was

not an abuse of discretion. The complaint being defective in this particular and the demurrer having been properly sustained for that reason, it is unnecessary to consider the question of the statute of limitations.

The judgment is affirmed.

Angellotti, J., Sloss, J., Melvin, J., and Henshaw, J., concurred.