[Sac. No. 4612. In Bank.—November 30, 1931.]

H. W. WEBBER et al., etc., Appellants, v. J. E. JOHNSTON, Respondent.

H. A. Postlethwaite, Samuel W. Gardiner and Daniel V. Marceau for Appellant.

Nutter & Rutherford and A. P. Hayne for Respondent.

Fitzgerald, Abbott & Beardsley, *Amici Curiae*.

PRESTON, J.—We are satisfied with the conclusion and the major portion of the discussion found in the opinion of the learned District Court of Appeal and hereby adopt certain portions thereof as the basis for our conclusion herein:

"The complaint in this action contained five counts. Counts 3 and 5 were abandoned at the trial, and the defendant had judgment on counts 1, 2 and 4. From this judgment the plaintiff appeals. Count 2 is not pressed for our consideration upon this appeal, it being admitted that the verdict of the jury thereon is conclusive. The verdict of the jury upon count 4 appears to be sufficiently supported. The answer sets forth a composition and settlement of all damages claimed by reason of the matters set forth in count 4, and we find nothing as to that count which calls for our consideration upon this appeal. Our attention will be given to count 1 of the complaint and the defendant's answer thereto.

"The action is based upon a failure of the defendant to receive and pay for crushed rock in accordance with the terms of a contract entered into between the plaintiff and defendant, dated the 10th day of August, 1928. The com-

plaint alleges that the defendant had a contract with the State of California, made through the department of public works, for the improvement of a certain portion of a state highway known as and called the 'Redwood Highway', between Wilson Creek Bridge and Klamath River Bridge, the improvement being known as 'Job No. 91–T–C–3'; that thereafter the plaintiff and the defendant, on or about the 10th day of August, 1928, entered into a certain contract by the terms of which the plaintiff was to furnish all the crushed rock to be used in making the improvement called for in the contract just referred to. The complaint further alleges that in the construction of said improvement 24,000 cubic yards of crushed rock, or thereabouts, were used. The complaint further alleges that the defendant accepted only 9590.9 cubic yards of said rock, and no more, and refused to receive any more rock under said contract, though the plaintiff was ready and willing at all times to furnish the same. It is then alleged in the complaint that the cost of producing the additional rock required for the construction of said improvement, in addition to the 9590.9 cubic yards accepted by the defendant, would not have exceeded the sum of $10,500.00, and that the value thereof, produced, would have been the sum of about $22,334.10, and that the plaintiff's profit under the contract would have been a sum not less than $11,843.10, no part of which has been paid by the defendant to the plaintiff.

"The pertinent portions of the contract referred to in the first count of the complaint, the substance of which we have set forth, are in the following words and figures, to-wit:

" 'That Whereas, there exists between the said J. E. Johnston, and the California State Highway Commission, a contract for the construction of 7 and 3/10 miles of highway between Wilson Creek Bridge and Klamath River Bridge, in the State of California, by said J. E. Johnston, known as "Job. No. 91–T–C–3", and is desirous of contracting with the said H. W. Webber for crushed rock for surfacing said highway;

" 'Now, Therefore, it is hereby agreed by and between the parties hereto that said party of the second part shall furnish 15,000 cubic yards more or less, of 1 inch crushed rock for surfacing said highway, the same to comply with, and pass the specifications of the said California State

Highway, the exact quantity to be delivered shall be agreed upon between the parties hereto as the work progresses; preparations for said work to begin immediately after the execution of this contract, and the work thereunder to begin as soon as machinery can be installed.

" 'The price at which said party of the second part shall furnish said crushed rock as aforesaid shall be $1.55 per cubic yard, truck measurement, at second party's bunkers to be located 2 1/10 miles North of Wilson Creek, to be paid by said party of the first part herein to said party of the second part as early as the 10th and not later than the 20th of each month after commencement of work, for the previous month's production of crushed rock aforesaid, all of which said crushed rock shall be accepted and accounted for at said second party's bunkers.'

"The answer of the defendant admits the contract; admits that the defendant refused to accept any greater quantity of crushed rock than 9590.9 cubic yards; and admits further that there was used in the making of said improvement 20,258 cubic yards of crushed rock. The pleadings on the part of both the plaintiff and the defendant show that no other contract or agreement was entered into between the parties than the instrument which we have set forth. Without setting it forth in detail it is sufficient to say that the allegations of the complaint and the admissions of the answer present for our consideration only one question, to wit, what quantity of crushed rock is called for by the agreement entered into between the plaintiff and the defendant, as set forth herein.

"The contention of the respondent and the verdict of the jury as to the first count and the judgment of the court based thereon can be supported only upon the theory that the following words contained in the contract, to wit: 'the exact quantity to be delivered shall be agreed upon between the parties hereto, as the work progresses', controlled and limited the quantity of crushed rock to be delivered by the plaintiff to the defendant, and that as no further contract or agreement was entered into between the parties, the defendant had a right to refuse to accept any crushed rock under said contract, at such time as he saw fit. In other words, to state it broadly, the contract did not bind the defendant to receive any crushed rock to be used in the

making of the improvement contemplated, unless the defendant saw fit to accept the same. This statement shows the inherent weakness of the interpretation of the contract necessary to support a judgment in the defendant's favor, and that the contract must be read as a whole or entirely disregarded. By so doing it will be readily seen that the excerpt which we have just set forth is only inserted in the contract for the purpose of ascertaining the quantity of crushed rock to be paid for, and not as a limitation of the quantity which the defendant was bound to accept under the terms and provisions of the contract. Let us examine the contract and set forth what appears to be the clear intent of the parties entering into the same.

"In the very beginning of the contract it is recited that J. E. Johnston has a contract with the California State Highway Commission 'for the construction of 7.3 miles of highway between Wilson Creek Bridge and Klamath River Bridge, in the State of California, . . . and is desirous of contracting with the said H. W. Webber for crushed rock for surfacing said highway'. There can be no question as to what highway is referred to here; it is 7.3 miles of highway between two certain designated points. Then the contract proceeds: 'Now, Therefore, it is hereby agreed by and between the parties hereto that said party of the second part shall furnish 15,000 cubic yards more or less, of 1 inch crushed rock for surfacing said highway.' What highway? Again, there is no uncertainty as to the highway referred to, said highway being 7.3 miles of highway between Wilson Creek Bridge and Klamath River Bridge. 'The exact quantity to be delivered shall be agreed upon between the parties hereto as the work progresses.' It is evident that the 15,000 cubic yards more or less, is only an estimate, not the exact quantity that would be required, not the exact quantity the plaintiff covenanted to deliver, and not the exact quantity which the defendant agreed to purchase. That quantity was to be determined from time to time as the crushed rock was delivered; it could not be agreed upon otherwise, unless the parties knew exactly the number of cubic yards required to surface the said highway, which was set forth as being 7.3 miles.

"The respondent contends that as the appeal is upon the judgment roll alone, that in order to support the judg-

ment it must be presumed that there was a subsequent agreement between the plaintiff and the defendant, that the quantity of crushed rock to be delivered was 9590.9 cubic yards, and that such agreement was proved at the trial. Under the pleadings in this case, however, no such presumption can be indulged in. It is specifically set forth in the complaint and in the answer that there was no other agreement than the written agreement which we have set forth. It is further contended that as the defendant denied damages, it must be presumed that the plaintiff suffered no damages. This contention, however, is squarely in conflict with the pleadings, and especially the admission of the defendant's answer. The answer of the defendant admits refusal to accept more than 9590.9 cubic yards of crushed rock; it admits the use of 20,258 cubic yards in the construction of the highway mentioned in the contract.

"From what we have stated, the contract and the admissions of the pleadings in this case demonstrate that the plaintiff was entitled to judgment on the first count set forth in his complaint."

The judgment of the trial court as to counts 2 and 4 of the plaintiff's complaint is affirmed, and the judgment of the court as to count 1 of the plaintiff's complaint is hereby reversed; neither party to be allowed costs.

Waste, C. J., Richards, J., Seawell, J., Shenk, J., and Langdon, J., concurred.

Rehearing denied.

Curtis, J., dissented.