[Civ. No. 4833. Third Appellate District.—May 10, 1933.]

LEO A. DRESSLER, as Trustee in Bankruptcy, etc., Respondent, v. J. E. JOHNSTON, Appellant.

Nutter & Rutherford and A. P. Hayne for Appellant.

H. A. Postlethwaite, Samuel W. Gardiner and Daniel V. Marceau for Respondent.

THOMPSON, J.—The plaintiff recovered judgment for damages for breach of a contract to accept and pay a stipulated sum for an agreed amount of crushed rock. The appellant contends the court abused its discretion in refusing to permit him to amend his answer, after a reversal of the judgment on appeal, to set up an oral agreement alleged to have been made subsequent to the execution of the written contract, and to reform the contract upon which the action was originally tried. The judgment is not otherwise assailed.

The complaint was filed in February, 1930. It was alleged that pursuant to the terms of a written contract marked exhibit "B", and attached to the complaint, the defendant agreed to accept and pay for "15,000 cubic yards more or less of 1 inch crushed rock for surfacing said highway, . . . *the exact quantity to be delivered shall be agreed upon between the parties hereto as the work progresses"*, at the rate of $1.55 per cubic yard. The answer admits the execution of the contract and specifically denies "that any other, further or different contract was made between said parties, or any of them, than as is set forth in exhibit 'B' " of the complaint. It is conceded the defendant purchased and used in constructing the strip of highway which is involved in this suit the aggregate quantity of 20,258 cubic yards of crushed rock; that the plaintiff furnished, pursuant to his contract and was paid for, only 9,590.9 cubic yards thereof. The defendant refused to accept from the plaintiff the balance of said rock which was used on the highway, to wit, 10,667 cubic yards, but procured that quantity from another party. For this breach of contract the plaintiff brought suit to recover the profit which he claims to have lost on account of the defendant's refusal to accept and pay for this last-mentioned quantity of rock.

The cause has been twice tried. At the first trial a jury rendered a verdict in favor of the defendant. A judgment was entered accordingly. Upon appeal that judgment was reversed. (*Webber* v. *Johnston,* 214 Cal. 378 [5 Pac. (2d) 886, 887].) In support of that judgment the defendant contended at the first trial and upon appeal that the above-

quoted language of the written agreement "did not bind the defendant to receive any crushed rock to be used in the making of the improvement contemplated, unless the defendant saw fit to accept the same". In response to this assertion, the Supreme Court said:

"This contention, however, is squarely in conflict with the pleadings, and especially the admission of the defendant's answer. The answer of the defendant admits refusal to accept more than 9590.9 cubic yards of crushed rock; it admits the use of 20,258 cubic yards in the construction of the highway mentioned in the contract. From what we have stated, the contract and the admissions of the pleadings in this case demonstrate that the plaintiff was entitled to judgment."

After reversal of the first judgment, when the cause came on for trial the second time in 1931, the defendant, for the first time, moved to strike from the answer his affirmative allegation above quoted, to the effect that no contract other than the written one which was incorporated in the complaint was ever made between the parties, and to insert in lieu thereof the following statement, that,

"At the time of executing said contract it was mutually agreed by and between the plaintiff and defendant that plaintiff should begin delivering rock from the north end of said road to be constructed and defendant should begin delivering rock from the south end, and that each party should continue delivering rock from each of said respective ends until all rock necessary for the job was completely delivered to said job; that when this was done the amount of crushed rock plaintiff had delivered would be the exact quantity to be delivered within the meaning of said contract; that said agreement was made between plaintiff and defendant immediately prior to the execution of said contract, at the time of the execution of said contract, immediately after the execution of said contract, and upon numerous times during the progress of said work; . . . "

This application to amend the answer was made under the provisions of section 473 of the Code of Civil Procedure. It was supported by an affidavit signed by one of the defendant's attorneys. The affidavit avers that the defendant Johnston testified at the first trial without objection to facts

in substantial harmony with the above-proposed amendment to the answer. No counter-affidavit was filed upon this motion. The motion was duly presented to the court and denied.

Subsequently the defendant moved to file an amended answer and cross-complaint setting up, in addition to the allegations contained in his original answer, statements substantially the same as those which were incorporated in his motion to amend the answer. This motion to file an amended answer and cross-complaint was based upon the theory that the written contract contained in the complaint was executed by the respective parties through mutual mistake, and that it did not correctly express the intention of the parties with respect to the quantity of crushed rock which was to be furnished by the plaintiff. In the proposed amended answer the defendant asked for reformation of the contract to conform to the above-quoted language with respect to the quantity of rock agreed to be furnished. This motion to file an amended answer and cross-complaint was also supported by an appropriate affidavit averring similar facts. No counter-affidavit was filed upon this motion. It was also duly presented and denied.

Pending this litigation the plaintiff, Webber, was adjudged to be a bankrupt. Upon proceedings duly had, the plaintiff Dressler was appointed trustee of his estate and substituted in this cause as a party plaintiff. This cause was then tried for the second time. The court adopted findings favorable to the plaintiff. Judgment was rendered accordingly. The defendant has appealed on the judgment-roll only. The evidence which was adduced at the trial is not before us.

The appellant contends the court abused its discretion in refusing to permit him to amend his answer to conform to the evidence which was adduced at the first trial without objection. He cites the case of *Born* v. *Castle*, 22 Cal. App. 282, 286 [134 Pac. 347], as authority for the well-established rule that great liberality should be exercised in permitting amendments to be made to conform to the evidence. In that case, however, the application to amend the pleading was made during the trial and before judgment was rendered. It may be conceded that a trial court still retains a sound discretion to allow amendments to pleadings even after a mistrial of the cause (49 C. J. 484, sec. 625) or a

reversal of the judgment on appeal. But in the interest of justice great care should be exercised upon such motions, after a reversal of a judgment on appeal, to avoid a complete change of the original cause of action, or defense, and to discourage fabricated issues and endless litigation. In 49 C. J. 493, section 652, it is said:

"A commonly recognized limitation upon the propriety of amendments to conform to the proof is that they must not introduce a new cause of action, or substantially change the claim or defense."

After a judgment has been reversed on appeal, without qualification, a motion to amend a pleading to conform to the evidence which was adduced at the original trial, does not lie. Under such circumstances the evidence which was adduced becomes ineffectual for the purpose of furnishing a foundation upon which to base a motion to amend the pleading. The cause is then remanded for trial *de novo*. It may not be assumed the same error will again occur in a new trial. When the admitted evidence is incompetent because it is in direct conflict with the pleadings, there would be an abuse of discretion to allow an amendment to conform thereto. In the present case the proposed amendment is in conflict with the admitted fact that no other contract was ever made by the respective parties. Any evidence to the contrary, even though it was received without objection, was incompetent and improper to be considered for any purpose for the reason that it was in conflict with the stipulated fact as shown by the pleadings. A fact which is admitted by the pleadings is controlling upon that issue. It requires no evidence to support it. It forbids the consideration of evidence which tends to refute the stipulated fact. (*Chase* v. *Van Camp Sea Food Co.*, 109 Cal. App. 38, 44 [292 Pac. 179].)

In the present case the Supreme Court decided as a matter of law that the written contract which is specifically admitted to have been executed is not susceptible of the construction placed upon it by the defendant's proposed amendment. In effect the Supreme Court held that by the terms of this written contract which was conceded to have been the only one which was ever executed by the parties, the defendant agreed to purchase from the plaintiff approximately 15,000 cubic yards of crushed rock. That construc-

tion of the contract has been adjudicated and becomes the law of this case. That construction must prevail in a retrial of the cause unless the issues which were originally presented by the pleadings are entirely changed. The only way in which the defendant may escape his obligation which inevitably follows that construction of the contract is to refute his former admission regarding the contract and radically alter his defense by alleging and proving a situation in entire conflict with his original admissions. His present theory of a defense, as disclosed by his proposed amendment, is entirely at variance and absolutely inconsistent with the admission of his original answer. In denying the motion to amend the answer the trial court said:

"The case was tried upon the theory, at least, so far as the defendant was concerned, that said agreement constituted the sole agreement between the parties. . . . To permit defendant to fight to the court of last resort a case upon the theory that there was one and only one contract in the case, and, having finally lost, to right-about-face and amend his answer . . . would, in my opinion, be an abuse of discretion."

In his motion to amend the answer the defendant has never contended that his original verified statement therein was inadvertently made. Under the circumstances of this case it seems persuasive that the written contract was actually made in the exact form in which it appears in the pleadings and that the attempted change of defense is prompted as the only means of escaping from the result of the decision of the Supreme Court. It is apparent the defendant is not in accord with the construction placed upon the contract by the higher court. It sometimes happens that the decision of a court of last resort fails to convince a losing party of his error. It is probably a virtue worthy of approval that a zealous advocate often clings to his conviction in spite of an adverse decision. But that decision in the present case has become the law of this case, and a complete change of defense after a reversal on appeal may well be looked upon with suspicion. At least this situation furnishes proof that the trial court did not abuse its discretion in refusing to permit the amendment.

The granting of a motion to amend pleadings or to file a cross-complaint after the reversal of a judgment on

appeal is discretionary. (21 Cal. Jur. 181, sec. 126; 1 Stand. Ency. of Proc. 897, sec. 5; 49 C. J. 472, sec. 597; 4 C. J. 799, sec. 2757; *Billesbach* v. *Larkey,* 161 Cal. 649 [120 Pac. 31].) Except for a clear abuse of discretion in denying such motion, the order should not be disturbed. While courts, in the furtherance of justice, should exercise great liberality in granting motions to amend pleadings to conform to competent evidence which has been properly received at the trial, when the motion is made in good faith prior to the rendering of judgment, it is apparent that greater care should be exercised after the cause has been reversed on appeal, so as to guard against the fabrication of an issue, to prevent the total change of a cause of action, or a defense thereto, and to discourage a lack of diligence which may result in injustice. In passing on such a motion after a reversal of the judgment on appeal, a court may wisely discredit a proposed amendment which changes the entire theory of a claim or the defense thereto. ▇ After affirmatively asserting in a verified answer that the rights of the parties are to be determined from the unambiguous language of a written contract after declaring that no other agreement was made between them, and after relying solely upon the construction of that language, following the sustaining of an adverse decision on appeal, a court may reasonably look with suspicion upon a defendant's subsequent motion to amend his answer by setting up for the first time another oral agreement which is in absolute conflict with his former verified affirmative allegation with respect thereto. Under such circumstances the burden is certainly cast upon the defendant to satisfy the court of his good faith in seeking to adopt so belated and radical a change in the theory of his defense. To permit an entire change in the theory of a defense to a suit for damages based upon the breach of a written contract, after an unfavorable reversal of a judgment on appeal, would create a dangerous precedent which might encourage deception and injustice. The trial judge was familiar with the evidence adduced at the trial in this case. He had an opportunity to observe the witnesses on the stand. He was therefore much better qualified to determine the merits of a motion to amend the pleadings than the appellate court could possibly be. We are satisfied the orders of court denying defendant's motions to

amend his answer and to file an amended answer and cross-complaint were not erroneous, and the discretion of the court which was exercised in those matters should not be disturbed.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 7, 1933.