[Civil No. 3466.   Filed January 21, 1935.]

[39 Pac. (2d) 935.]

F. B. WALLACE, Appellant, v. W. C. CHAP-PELLE, Appellee.

Messrs. Townsend, Jenckes & Edwards, for Appellant.

Mr. L. C. McNabb, for Appellee, and Mr. Joseph Meid, of Counsel.

ROSS, J.—The principal questions to be decided arise out of the pleadings, consisting of the complaint, the answer and the reply to the answer. The complaint alleges a cause of action on contract. In substance, it alleges that plaintiff Chappelle agreed to paint houses for defendant then in course of construction, or to be constructed thereafter, for $90 per house, and that defendant agreed to pay him $90 for each house painted; that between May, 1929, and

July, 1932, under said agreement, plaintiff painted for defendant sixty-six houses and was paid on account by defendant $60 per house, leaving a balance of $30 due and unpaid on each house so painted. The prayer is for $1,980, or $30 each for sixty-six houses, with interest, etc.

In his answer the defendant denies that he and plaintiff ever entered into the contract alleged in the complaint, but alleges that he was engaged in the business of building houses and selling them to the public for residence purposes, in a subdivision adjacent to the city of Phoenix known as the Villa Verde tract; that in July, 1929, he employed plaintiff to paint certain of such houses for $60 cash and $30 credit per house, the latter to be applied on the purchase price of a house, as down payment, which defendant agreed to sell and plaintiff agreed to buy, the house to be selected by plaintiff from the unsold or uncontracted new houses being constructed, and to be paid for on the same terms and for the same price at which defendant was offering such new houses for sale to the public; that under such contract plaintiff painted sixteen houses and was paid the agreed price of $60 for each house; that in February, 1930, said contract was modified so that the cash payment for each house painted was $50, instead of $60, and that six houses were painted under the modified contract, for which defendant paid plaintiff at the rate of $50 per house; that in April, 1930, the contract with house purchase feature was by mutual consent terminated, at which time plaintiff had an earned credit of $660 subject to application on the purchase price of one of defendant's houses in said tract; that plaintiff has not elected to purchase one of said houses, although defendant has been at all times, and still is able, ready and willing to perform and execute his said contract according to its terms.

Plaintiff's reply to the answer, in effect, admits the contract as alleged by defendant and "alleges and avers that on many and numerous occasions this plaintiff attempted to purchase various houses from said defendant upon said agreement, but defendant has failed and refused in each and every instance to comply with said agreement, and has not complied with nor fulfilled said agreement in any manner whatever; that plaintiff has selected a house on numerous occasions in accordance with said agreement, but defendant failed and refused to allow plaintiff to purchase said houses in accordance with said agreement. Wherefore, plaintiff prays for judgment of the court as originally prayed for."

The case was tried to the court, without a jury, on these pleadings, and at the conclusion of the trial judgment was rendered in plaintiff's favor for the sum of $660; the court finding "that the defendant is indebted to plaintiff in the sum. . . . " Defendant appeals, contending that neither the pleadings nor the facts justify such a judgment.

The difficulties all arise from the failure to observe the ordinary rules of pleading. We suggest that pleadings are one of the means provided by law for arriving at a fair and correct solution of differences between parties who seek to redress their wrongs by litigation, and are designed to inform one's opponent of the wrongs charged against him and to advise the court what issues are to be tried and decided. They are means to an end. At common law forms of action were considered of vital importance and parties ignoring such forms often were turned out of court without ever reaching the merits of their cause. The strict rule of the common law in that regard does not prevail, and never has prevailed, in this jurisdiction. Under statutory provisions the pleadings "consist of a concise statement

of the facts constituting the plaintiff's cause of action, or the defendant's defense," and in all civil actions are the complaint, the answer, and the reply. Section 3737, Rev. Code 1928. Thus the Code has abandoned the technical forms of action, but it has not done away with the duty of a party seeking court relief to state a cause of action. *Greenlee County* v. *Cotey*, 17 Ariz. 542, 155 Pac. 302, 305. In this case we said:

"There now is, and must always be, the necessity for alleging in ordinary and concise language all the material facts essential to constitute the particular cause of action relied on. Such is the spirit of the Code, and it must be adhered to so that the opposite party may be apprised of what he is to meet, and thus be enabled to make his defense; and, where the case is finally settled, it may in the future be determined with reasonable certainty what has been set at rest. . . . Definiteness and distinctness are by no means technicalities, but instrumentalities with which confusion may be conquered or avoided."

The complaint here is for the contract price for labor for painting houses. The complaint alleges the contract and seeks to recover the agreed price. It confirms and ratifies the contract and asks that defendant be required to perform its terms by paying plaintiff the balance of $30 for each house painted. Under this pleading, proof of another and different kind of contract between the plaintiff and defendant would not support or sustain the pleading and therefore would not entitle plaintiff to recover a judgment. The true contract between the plaintiff and defendant is established and fixed by the pleadings as the one set out in defendant's answer, and not the one alleged in plaintiff's complaint. The contract, then, not being the one set out in the complaint, the plaintiff cannot recover on his complaint, but must recover, if at all, upon the allegations of his reply, construed

in connection with the defendant's answer. We think, however, from the recital in the judgment that the judgment was for an indebtedness, and the contention of the plaintiff in his brief that "the action here involved did not at any time proceed upon the theory of recovery of damages for breach— it proceeded merely on recovery of payment due for a stipulated amount for labor," both the court and plaintiff labored under the belief that the cause of action proved and admitted was the one alleged in the complaint, or one for unpaid balance of contract price. This could not be. Under the contract admitted and proved as the basis of the action, the agreed consideration to be paid plaintiff by defendant for each house painted was $60 in cash and $30 in credit upon the purchase price of a house. If it be granted that defendant breached his contract by refusing to sell plaintiff a house on the terms, as to price and payments, he was selling houses to others, and to apply his credits thereon, plaintiff would have a right of action either for specific performance or for damages. He does not ask that the contract be specifically performed and, while the facts show that his only other remedy is one for damages against the defendant for failure to sell him a house, he now asserts that he is not suing for damages for such breach, but is suing "for a stipulated amount for labor." Plaintiff further asserts in his brief: "The recovery in this case is based on the complaint." The recovery, under the admitted facts, could not legally be upon the complaint, nor could it be for debt. Plaintiff's reply was an abandonment of the cause of action alleged in the complaint. Clearly the wrong, if any, the pleadings lay at defendant's door is not that he failed to pay plaintiff $90 for each house painted, but that he breached his contract in not selling to plaintiff one of the houses he was building, at

the same price and on the same terms as he was selling such houses to others, and applying as a down payment thereon the $660 credit he had agreed to apply.

The defendant did not agree to pay plaintiff $90 in cash for each house painted, but he agreed to pay him $60 cash and $30 in property. The accumulated credits, when plaintiff had selected a house and the price and terms of payment therefor had been agreed upon, were to be applied as a down payment on the purchase price. The plaintiff has earned twenty-two of these $30 credits, or $660, which defendant has agreed to discharge or pay with property. Defendant was entitled to pay this obligation in the kind of property stipulated in the contract. True, he might forfeit the right to pay in kind if, for instance, he should place a valuation on the house selected by plaintiff higher than the price to the general public, with payments more onerous, or by refusing to trade on any terms. But if he is charged with a breach of his agreement to sell plaintiff one of the houses, he certainly is entitled to be informed by a proper pleading of the nature of such breach and the amount or character of damages suffered by reason thereof.

Plaintiff's reply alleges no damages, and none was proved. Defendant admits plaintiff has a credit of $660 on the purchase price of a house, but plaintiff's damages, if defendant breached his contract, would not necessarily be identical with such sum. His damages might be much less or much greater, depending upon the proof.

Under the admitted facts, plaintiff's cause of action was one for damages and not one on contract. We think the rule we laid down in *Sonora Bank & Trust Co.* v. *Compania Agricola Del Rio Mayo, S. A.*, 21 Ariz. 77, 185 Pac. 638, 640, is controlling in this case. In that case, speaking through Mr. Justice BAKER, we said:

"It is a primary and fundamental rule in the code system of pleading, as well as at common law, that the judgment shall be '*secundum allegata et probata*.' 9 Cyc. 748. 'Any . . . departure from this rule is sure to produce surprise, confusion, and injustice.' *Day* v. *Town of New Lots*, 107 N. Y. 148, 13 N. E. 915. A litigant cannot proceed upon one cause of action in his complaint and recover upon another distinct cause of action. This would be to ensnare his adversary." See, also, *Morris* v. *Western Union Telegraph Co.*, 24 Ariz. 12, 206 Pac. 580.

If we construe defendant's answer and plaintiff's reply thereto as alleging the contract and a breach thereof and as affording a basis for proof of damages, we would be confronted with the plaintiff's contention that he is suing for the contract price of labor, and the court's recital in the judgment "that the defendant is indebted to the plaintiff in the sum of Six Hundred sixty ($660.00) Dollars." Certainly if plaintiff is to recover for a breach of the contract, and as we have seen he cannot possibly under the admitted facts recover on the contract alleged in the complaint, the defendant is entitled to be informed by proper pleadings what such breach consisted of.

The facts stated in the opinion are to be found in the pleadings, or were presented by plaintiff in his case in chief. At the close of his case, defendant moved for judgment on the ground of variance between plaintiff's pleadings and proof, and we conclude the motion should have been granted.

The judgment is reversed, and the cause remanded, with directions that defendant be granted a new trial, and that further proceedings be had in accordance herewith.

LOCKWOOD, C. J., and McALISTER, J., concur.