HARVEY E. THOMAS, OTHERWISE KNOWN AS
EMETT THOMAS,

*Appellant*

(Defendant below)

vs.

JAMES P. GONZELAS, d/b/a JIM' S ELECTRIC,

*Appellee*

(Plaintiff below)

and

ROBERT E. CHEEVER AND EDITH E. CHEEVER,

*Appellees*

(Defendants below)

(No. 2829; November 12th, 1958; 331 Pac. (2d) 832)

For the appellant the cause was submitted upon the brief of Loomis, Lazear & Wilson of Cheyenne, Wyoming.

For the appellee, James P. Gonzelas, d/b/a Jim's Electric, the cause was submitted upon the brief of Louis A. Mankus of Cheyenne, Wyoming.

For the appellees, Robert E. Cheever and Edith E. Cheever, the cause was submitted upon the brief of A. Joseph Williams of Cheyenne, Wyoming.

Heard before Blume, C. J. and Harnsberger and Parker, J. J.

## OPINION

Chief Justice BLUME delivered the opinion of the court.

In this case plaintiff, James P. Gonzelas, doing business as Jim's Electric, filed a second amended petition against Robert E. Cheever and Edith E. Cheever and Emett Thomas in the District Court of Laramie County on May 3, 1957. The plaintiff alleges in substance that defendants Robert E. Cheever and Edith E. Cheever are the owners of certain premises located at 2001 East 11th Street in Cheyenne, Wyoming, otherwise known as a fraction of Block 20 in Lake Minnehaha Addition to the City of Cheyenne; that defendant Emett Thomas leases from defendants Robert E. Cheever and Edith E. Cheever the above-described premises and the same is used as a business establishment of a drive-in and short order business; that Leland Leach, general contractor for the installation of electrical work, submitted a bid for $650 which has been paid;

that Emett Thomas, defendant, ordered additional electrical equipment to be installed of the value of $1,-048.43, no part of which has been paid. Notice of lien for that amount has been duly filed on December 7, 1955. Paragraph 8 of the petition alleges: "That the owner of the said property is ROBERT E. CHEEVER AND EDITH E. CHEEVER, Husband and Wife, and that the General Contractor was Leland Lynch (sic) ; that upon information and belief it is alleged that the Defendant EMMETT THOMAS was acting as Agent for ROBERT E. CHEEVER AND EDITH E. CHEE-VER, in ordering and contracting for the aforementioned electrical work." A copy of the mechanic's lien is attached. Plaintiff accordingly prays for judgment against the defendants jointly and severally in the sum of $1,048.43 plus interest and costs.

The defendant Thomas in answer to the second amended petition admitted that plaintiff is a resident of Cheyenne and that Robert E. Cheever and Edith E. Cheever are the owners of the property above mentioned. He further admitted that the premises were used as a short order business but denied generally the allegations of the petition to the effect that he ordered any material for the installation of electrical equipment on the premises. He also denied that he was acting as agent for Robert E. Cheever and Edith E. Cheever in ordering and contracting for the aforesaid electrical work.

Judgment in the case was entered against Robert E. Cheever for the sum of $30 and against the defendant Emett Thomas, otherwise known as Harvey E. Thomas, in the sum of $1,018.32. From that judgment Emett Thomas appealed to this court.

The defendant Thomas on January 3, 1958, made a designation of that part of the record to be included in the record on appeal, to wit, the second amended petition, answer of defendant Emett Thomas, the judgment, the notice of appeal and the designation of the record on appeal and points on which appellant relies.

The points relied upon are stated as follows:

"The Petition (or Complaint) of the plaintiff stated there was a cause of action for the foreclosure of the mechanic's lien and it was claimed in the Petition that the plaintiff had performed certain work and furnished materials for Robert E. Cheever and Edith E. Cheever, his wife, who were also named as defendants; that attached to the Petition was the lien statement showing the claim of the plaintiff, James P. Gonzelas, d/b/a Jim's Electric, claiming a lien on the Cheever property as described therein and in an amount of $1,148.10; that the prayer of the Petition was for a joint and several judgment against the defendants and for the foreclosure of the mechanic's lien; that the Petition further claimed that the defendant, Emmett Thomas, had ordered extras or additional work performed on the Cheever property, and the extras so ordered are set forth in detail; and that in paragraph 8 of said Petition it is alleged that 'the defendant Emmett Thomas, was acting as agent for Robert E. Cheever and Edith E. Cheever in ordering and contracting for the aforementioned work.'

"That the judgment entered by the court was against the defendant, Emmett Thomas, personally and no reference was made at all to his capacity as agent, and the point relied upon in this appeal is solely that Emmett Thomas was sued in his capacity as agent for a known and disclosed principal and that the court had no authority or jurisdiction to enter judgment against the said Thomas in his personal and individual capacity."

It may be noted that no designation of any part of the record was made either by the plaintiff herein or by the defendants Robert E. Cheever and Edith E. Cheever and the only thing before this court, accordingly, is the judgment, the petition and the answer of the defendant Emett Thomas.

The amended petition is ambiguous. It fails to state a clear cause of action against Emett Thomas. It is therein alleged that Emett Thomas acted as agent for the Cheevers in ordering electrical equipment, impliedly asserting that he did so within the scope of his authority. It is stated in 2 Restatement, Agency § 328, p. 724: "An agent, by making a contract only on behalf of a competent disclosed or partially disclosed principal whom he has power so to bind, does not thereby become liable for its non-performance." In the comment to that section it is said:

"One who makes a contract only on account of another ordinarily does not himself contemplate responsibility for its performance. His function is performed if he causes a contract to be made between his principal and the third person.* * *"

In 3 C.J.S. Agency § 215, p. 119, it is stated:
"An agent who contracts on behalf of a disclosed principal and within the scope of his authority, in the absence of an agreement otherwise, or other circumstances showing that he has expressly or impliedly incurred or intended to incur personal responsibility, is not personally liable to the other contracting party * * *"

There is no allegation in the second amended petition which discloses that the appellant Emett Thomas intended to bind himself personally. Counsel for the appellee, James P. Gonzelas, contends that the judgment herein against appellant should be upheld.

Generally speaking, his contention is that the evidence
herein may have shown that as a matter of fact Em-
ett Thomas was personally liable. He cites 41 Am.
Jur. Pleading § 310, p. 506, for instance, where it is
stated:

"* * * And so where no objection is made to the ad-
missibility of evidence on account of the failure to
support the issue and no motion is made to exclude it
on account of the supposed variance, the plaintiff may
be allowed the right to amend his declaration to con-
form to the proof at any time during the trial, even
after verdict.* * *"

He also refers to Rule 15 of the Wyoming Rules of
Civil Procedure adopted December 1, 1957, where it is
provided that amendments to the pleadings may be
made to conform to the evidence. But the difficulty in
this case is that we do not have the evidence before us
to determine whether or not the pleadings could have
been amended and that evidence was introduced show-
ing liability of Thomas to Gonzelas, contrary to the
theory of the petition herein. It is stated in 3A Barron
and Holtzoff, Federal Practice and Procedure, 1958, §
1590, pp. 127, 128, that: "Matters not appearing in
the record will not be considered by the court of ap-
peals, unless the occurrence thereof is conceded by the
parties. Thus a question involving evidence not in the
record cannot be reviewed on appeal." In Cunningham
v. Olson Drilling Co., 5 Cir., 171 F.2d 392, 395, the
court stated that an appellate court "can review cases
only on the record and not on statements of counsel."
See also Webber v. Johnston, 214 Cal. 378, 5 P.2d 886;
Washko v. Stewart, 44 Cal. App.2d 311, 112 P.2d 306.
Counsel for the appellee Gonzelas states that we should
assume that there was evidence in the case which war-
ranted the judgment against the appellant herein. We
think, however, that we cannot do so. There is nothing

in the Wyoming Rules of Civil Procedure which forbids the appellant from designating only the pleadings and the judgment, but when that is done and nothing else is designated by the appellee, we must determine as to whether or not the trial court was justified in rendering its judgment under the pleadings in the case. The rule applicable in such case is stated in Sonora Bank & Trust Co. v. Compania Agricola del Rio Mayo, S. A., 21 Ariz. 77, 185 P. 638, 640, as follows:

"It is a primary and fundamental rule in the code system of pleading, as well as at common law, that the judgment shall be 'secundum allegata et probata.' " To the same effect see also Wallace v. Chappelle, 45 Ariz. 85, 39 P.2d 935; 9 Cyc.748; Day v. Town of New Lots, 107 N.Y. 148, 13 N.E. 915; Wright v. Delafield, 25 N.Y. 266; Romeyn v. Sickles, 108 N.Y. 650, 15 N.E. 698, 1 Silvernail Ct.App. 594. See further on the subject 5 C.J.S. Appeal and Error § 1534 Subd. b, pp. 1041, 1042, where it is stated that an appellate court "cannot draw inferences or indulge presumptions contradictory to the record; nor will it presume facts not contained in a record purporting to be complete"; 49 C.J.S. Judgments § 40 subd. b, p. 97, and 71 C.J.S. Pleading § 524 subd. a, pp. 1083, 1084, where it is stated, "The ultimate facts necessary to constitute a cause of action or defense must be pleaded to be proved." In the case of Montgomery v. McCaskill, Tex.Civ.App., 189 S.W. 797, 798, the petition, as in the case at bar, did not state a cause of action and the court said:

"The petition was subject to a general demurrer, and consequently would not support any judgment. However much testimony there may be to support a verdict, it cannot be upheld in the absence of pleadings forming a basis for it. Maddox v. Summerlin, 92 Tex. 483, 49 S.W. 1033, 50 S.W. 567."

That case is in point herein and we cannot, accordingly, indulge in the correctness of the judgment of

the trial court because of evidence not in the record before us that may have been introduced in the case.

It is apparent that counsel for the appellee Gonzelas did not realize that he should have designated the evidence to be included in the record on appeal in accordance with Rule 75 (a) of the Wyoming Rules of Civil Procedure, December 1, 1957. What the appellant claimed was very clearly stated in his statement of points relied upon heretofore set out. That should have called appellee Gonzelas' attention to what he should have done.

Our attention is called to the fact that defendant Thomas denied in his answer to the second amended petition that he acted as agent for the Cheevers. However, he denied that he ordered any materials, which of course means that he did not order them either as agent or in any other capacity, so that whatever inconsistency there may seem to appear in the answer is only seemingly so.

Robert E. Cheever and Edith E. Cheever have filed a brief in this case contending that the judgment against Emett Thomas should be sustained, apparently on the theory that if the case were reversed it would affect the judgment in favor of them. We do not see that we are concerned here with any judgment in favor of the Cheevers. The matter so far as they are concerned appears to be res judicata. The only matter involved in this case is as to whether or not the judgment against the defendant Emett Thomas can be sustained.

It is rather unfortunate that the decision herein may perhaps revolve around the failure of appellee Gonzelas to designate the evidence in this case to be in-

cluded in the record on appeal. We hope that such a situation will not again come before us; but the way the case stands we cannot do otherwise, we think, than to reverse the judgment of the district court against Emett Thomas and remand the case for a new trial with permission to amend the pleadings. It is so ordered. We are not unaware of the fact that according to Rule 75(h), Wyoming Rules of Civil Procedure, December 1, 1957, a record may be directed to be corrected if incomplete by reason of accident, error or mistake, even on this court's own motion. There is no suggestion herein that there was error, mistake or accident. There seems to have been merely a total disregard of Rule 75(a) on the part of Gonzelas. In any event, we do not know what situation we should meet if the record were corrected, and we do not think that this case is one in which we should direct a correction on our own motion.

Reversed and Remanded.